David Hoffman (*pro hac vice*)
  hoffman@fr.com
FISH & RICHARDSON P.C.
One Congress Plaza
111 Congress Ave., Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Garrett K. Sakimae (SBN 288453)
  sakimae@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street 31st Floor
Los Angeles, CA 90013
Tel: (213) 533-4240
Fax: (858) 678-5099

Christine Yang (SBN 102048)
  cyang@sjclawpc.com
Law Office of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708
Tel.: (714) 641-4022
Fax: (714) 641-2082

*Attorneys for Defendants*
Kingston Technology Corporation,
Kingston Digital, Inc., and
Kingston Technology Company, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br> Plaintiff, <br> v. <br><br> KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC. DATA LOCKER INTERNATIONAL, LLC <br><br> Defendants. | Case No. 8:16-cv-01790 <br><br> **DEFENDANTS KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC.S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendants Kingston Technology Corporation,[1] Kingston Digital, Inc. ("Kingston Digital") and Kingston Technology Company, Inc. ("KTCI") (collectively, "Kingston"), by and through undersigned counsel, hereby respond to the Complaint dated September 27, 2016 ("Complaint") of Plaintiff SPEX Technologies, Inc. ("Plaintiff" or "SPEX").

1. Kingston denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

2. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Kingston admits that Kingston Technology Corporation is a California corporation with a mailing address of 17600 Newhope St., Fountain Valley, California, 92708. All remaining allegations of this Paragraph are denied.

4. Admit.

5. Admit.

6. Kingston admits that Paragraph 6 refers to Kingston Technology Corporation, Kingston Digital, Inc., and Kingston Technology Company, Inc. together as "Kingston". All remaining allegations of Paragraph 6 are denied.

7. This Paragraph is not directed to Kingston to which no response is required. To the extent a response to this Paragraph is required, Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

8. This Paragraph is not directed to Kingston to which no response is required. To the extent a response to this Paragraph is required, Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

---

[1] Kingston Technology Corporation believes and maintains that it is improperly included in this action and intends to confer with Plaintiff.

9. This Paragraph is not directed to Kingston to which no response is required. To the extent a response to this Paragraph is required, Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

10. Kingston admits that Paragraph 10 refers to DataLocker Inc. and Data Locker International, LLC together as "DataLocker". All remaining allegations of Paragraph 6 are denied.

## NATURE OF THE ACTION

11. Kingston admits that the Complaint purports to state a cause of action for infringement of United States Patent No. 6,088,802 (the "'802 patent") and United States Patent No. 6,003,135 (the "'135 patent") (collectively, the "patents-in-suit") arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and that what purports to be copies of the '802 patent and '135 patent are attached to Plaintiff's Complaint as Exhibit A and Exhibit B respectively. All remaining allegations of Paragraph 11 are denied.

12. To the extent that the allegation is directed to Kingston or its products or services, Kingston denies that it or any of its products or services has infringed the Patents-in-Suit. All remaining allegations of Paragraph 12 are also denied.

## JURISDICTION AND VENUE

13. Kingston admits that this Court has subject matter jurisdiction for a patent infringement action pursuant to 28 U.S.C. §§ 1331 & 1338(a) to the extent these actions arise under the patent laws of the United States, including §§ 35 U.S.C. 271, et seq. To the extent that Paragraph 13 pertains to other defendants, no response it required by Kingston. All remaining allegations of Paragraph 13 are denied.

14. Paragraph 14 states legal conclusions to which no response is required. Kingston denies that it has committed acts of patent infringement (direct or otherwise) of any valid, enforceable claims of the Patents-in-Suit. To the extent that Paragraph

14 pertains to other defendants, no response is required by Kingston. All remaining allegations of Paragraph 14 are denied.

15. Paragraph 15 states legal conclusions to which no response is required. Kingston denies it has committed acts of infringement of any valid, enforceable claims of the patents-in-suit. To the extent that Paragraph 15 pertains to other defendants, no response is required by Kingston. All remaining allegations of Paragraph 15 are denied.

16. Paragraph 16 states legal conclusions to which no response is required. Kingston admits that Imation sold certain IronKey assets to Kingston Digital and DataLocker in February 2016 and that Plaintiff purports to assert claims against IronKey-branded products. All remaining allegations of Paragraph 16 are denied.

## FACTUAL BACKGROUND

17. Kingston admits that Paragraph 17 refers to Spyrus, Inc. as "Spyrus". Kingston denies that Spyrus is a "pioneering encryption company" as alleged in Complaint. Kingston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies them.

18. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. Paragraph 24 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

25. Paragraph 25 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

26. Paragraph 26 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

27. Paragraph 27 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

28. Paragraph 28 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

29. Paragraph 29 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

30. Paragraph 30 pertains to other defendants so no response is required by Kingston. Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

31. Kingston admits that Spyrus and Kingston Digital entered into a Mutual Confidentiality Agreement dated March 14, 2008 ("NDA") and what purports to be a copy of the NDA is attached to the Complaint as Exhibit C. As to the contents of the NDA, the document speaks for itself. Kingston denies that it "improperly used

Spyrus' confidential information" as alleged in Complaint. All remaining allegations of Paragraph 31 are denied.

32. Kingston admits that the purpose of the NDA as stated in the NDA was for Kingston Digital and Spyrus "[t]o discuss opportunities for joint business partnerships including integration of SPYRUS components and Kingston components into products, use of SPYRUS technologies in Kingston products, and joint development of products and strategies." Almost a year later Kingston Digital and Spyrus executed a technology license agreement and an accompanying appendix specifically directed to a next generation version of Kingston Digital's DataTraveler Black Box product and that referenced the '802 patent. All remaining allegations of Paragraph 32 are denied.

33. Kingston admits that on April 14, 2009 Spyrus and Kingston Digital entered into a Technology License and executed Licensed Product Appendix #1. Kingston further admits that certain portions and language of Paragraph 11 of the Technology License is quoted in Paragraph 33 of the Complaint. All remaining allegations of Paragraph 33 are denied.

34. Kingston admits that for purposes of the Technology License executed between Spyrus and Kingston Digital and terminated on or about April 21, 2015 by Spyrus, Paragraph 20.1 of the Technology License agreement states that "the parties agree to the personal and exclusive jurisdiction of and venue in the federal and state courts located in Orange County, California." All remaining allegations of Paragraph 34 are denied.

35. Kingston admits that Licensed Product Appendix #1 identifies the "Name of the Licensed Product" as Kingston Digital's "Kingston DataTraveler® Black Box Gen. 2." Kingston further admits that the License Product Appendix #1 licensed Spyrus patents, including the '802 patent, that covered the Licensed

Technology as that term was defined in the License Product Appendix #1. All remaining allegations of Paragraph 35 are denied.

36. Kinston admits that the Kingston Digital's DataTraveler Black Box 2 was to be the same size as the DataTraveler Black Box. Kingston admits that Kingston Digital's DataTraveler 5000 was awarded FIPS 140-2 Level 2 certification. Kingston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies them.

37. Kingston admits that DataTraveler 5000 was released by Kingston Digital in January 2010 and included a case, a memory card, and cryptographic technology. Kingston admits that Kingston Digital's DataTraveler 5000 was awarded FIPs 140-2 Level 2 certification. Kingston admits Kingston Digital's DataTraveler 5000 was Kingston Digital's first FIPS 140-2 certified product offering. Kingston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies them.

38. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39. Kingston admits that Kingston Digital's DataTraveler 5000 and the DataTraveler 6000 use cases and memory cards. Kingston further admits that Kingston Digital's DataTraveler 6000 included cryptographic technology and was Kingston Digital's first FIPS 140-2 Level 3-certified product offering. All remaining allegations of Paragraph 39 are denied.

40. Kingston admits that on or about January 21, 2015, Kingston Digital informed Spyrus of its intent to release the DataTraveler 4000 G2, which had recently achieved FIPS 140-2 Level 3 certification, and that shortly thereafter Kingston Digital received a letter from Spyrus terminating the Technology License with Kingston Digital. All remaining allegations of Paragraph 40 are denied.

41.   Kingston admits that on or about January 21, 2015, Kingston Digital received a letter from Spyrus terminating the Technology License with Kingston Digital and that the Technology License terminated on or about April 21, 2015. Kingston denies that it improperly used any of Spyrus' confidential or proprietary information.  All remaining allegations of Paragraph 41 are denied.

42.   Denied.

43.   Kingston admits that between November 2008 and April 2010 Spyrus and Kingston Digital exchanged certain information under the Technology License. Kingston denies that the certain information received from Spyrus was not needed to perform obligations under the Technology License.   All remaining allegations of Paragraph 43 are denied.

44.   Kingston denies that it improperly used any of Spyrus' confidential or proprietary information.  Kingston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies them.

45.   Kingston admits that on or about September 15, 2009, Jason Chen spoke with Spyrus personnel, including Burt Tregub, regarding the Licensed Technology under the Technology License executed by Spyrus and Kingston Digital.  All remaining allegations of Paragraph 45 are denied.

46.   Kingston admits that on or about December 11, 2009, a Spyrus representative visited Kingston Digital's office in Fountain Valley, California. Kingston admits that the materials presented by Spyrus' representative during the meeting were marked with confidential designations by Spyrus.  All remaining allegations of Paragraph 46 are denied.

47.   Kingston admits that, Jason Chen called Duane Linsenbardt.  Kingston admits that during the call, Mr. Linsenbardt informed Jason Chen that he was in the car and asked Jason Chen to follow-up via email.  Kingston further admits that Jason

1  Chen explained that he preferred to continue the conversation by phone rather than to
2  correspond by email. All remaining allegations of Paragraph 47 are denied.

3  48.  Kingston admits that Phison Electronics Corp. is and has been a supplier
4  to Kingston Digital and has worked with Ben Chen. Kingston denies that Spyrus was
5  unaware that Ben Chen was receiving access to information under the Technology
6  License executed by Spyrus and Kingston Digital. Kingston is without knowledge or
7  information sufficient to form a belief as to the truth of the remaining allegations in
8  Paragraph 48 and therefore denies them.

9  49.  Denied

10  50.  Denied.

11  51.  Kingston admits that on or about January 12, 2010, John Terpening
12  received a letter from Burt Tregub. All remaining allegations of Paragraph 51 are
13  denied.

14  52.  Kingston admits that on or about February 18, 2010, Calvin Leong,
15  Director of the Legal Department sent a letter to Spyrus. All remaining allegations of
16  Paragraph 52 are denied.

17  53.  Kingston is without knowledge or information sufficient to form a belief
18  as to the truth of the remaining allegations in Paragraph 53 and therefore denies them.

19  54.  Kingston admits that the announcement referenced in Paragraph 54
20  states, among other things, that "Kingston Technology Corporation and Phison
21  Electronics Corp. plan to jointly invest in a new company focusing on embedded
22  memory system product development, promotion and total solution services." All
23  remaining allegations of Paragraph 54 are denied.

24  55.  Kingston admits that on or about February 22, 2011 the release of the
25  DataTraveler 4000 was announced. Kingston admits that the DataTraveler 4000 uses
26  certain technology developed by Phison. Kingston denies that the DataTraveler 4000

uses Spyrus' patented technology.  All remaining allegations of Paragraph 55 are denied.

57. Kingston admits that the DataTraveler 4000 G2 is certified to FIPS 140-2 Level 3 and uses certain technology developed by Phison.  Kingston admits that the DataTraveler 4000 uses certain technology developed by Phison.  Kingston admits that Andrew Ewing informed Burt Tregub of the impending release of the DataTraveler 4000 G2 on or about January 21, 2015.  Kingston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and therefore denies them.

58. Denied.

## THE PATENTS-IN-SUIT

59. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies them.

60. Kingston admits that what purports to be a copy of the United States Patent No. 6,088,802 ("the '802 patent") is attached to the Complaint as Exhibit A and that the face of the '802 patent bears the title "Peripheral Device With Integrated Security Functionality", the Application No. 08/869,305, a filing date of June 4, 1997, and an issue date of July 11, 2000.  All remaining allegations of Paragraph 60 are denied.

61. Kingston admits that what purports to be a copy of the United States Patent No. 6,003,135 ("the '135 patent") is attached to the Complaint as Exhibit B and that the face of the '135 patent bears the title "Modular Security Device", the

9                                Case No. 8:16-cv-01790
Kingstons' Answer and Affirmative Defenses
56. Kingston denies that it improperly used any of Spyrus' confidential or proprietary information.  Kingston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies them.

Application No. 08/869,120, a filing date of June 4, 1997, and an issue date of December 14, 1999.  All remaining allegations of Paragraph 61 are denied.

62. Kingston is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies them.

## COUNT I
## (ALLEGED KINGSTON'S INFRINGEMENT OF '802 PATENT)

63. Kingston incorporates by reference its responses to the allegations in Paragraphs 1-62 above as if fully set forth herein.

64. Paragraph 64 states legal conclusions to which no response is required. Kingston denies that it has made, used, offered for sale, sold, and/or imported into the United States products that infringe any valid, enforceable claim of the '802 patent, and continues to do so.  All remaining allegations of Paragraph 64 are denied.

65. Denied.

66. Denied.

67. Kingston admits that Kingston Digital received a license to the '802 patent as part of the Technology License agreement executed by Spyrus and Kingston Digital in 2008 and terminated in 2015.  Kingston denies that it has infringed the '802 patent.  All remaining allegations of Paragraph 67 are denied.

68. Denied.

69. Kingston denies that it or any of its customers or end users is or has infringed (directly or indirectly) the '802 patent.  All remaining allegations of Paragraph 67 are denied.

70. Kingston denies that it has induced, and continues to induce, infringement of the '802 patent under 35 U.S.C. 271(b).

71. Kingston admits that Kingston Digital received a license to the '802 patent as part of the Technology License agreement executed by Spyrus and Kingston Digital in 2009 and terminated in 2015.  Kingston admits that Spyrus considers that the DataTraveler 5000 and DataTraveler 6000 were associated with the '802 patent

through Licensed Product Appendix #1 (and amendments thereto) attached to the Technology License and that under such Licensed Product Appendices Kingston "agree[d] to mark all Licenses Products … to the extent reasonably practical" with the following language "[t]he Licensed Product may embody technology protected by one or more of the following patents or patent applications: U.S. Pat. Nos. 6,008,802…". Kingston denies that it improperly used any of Spyrus' confidential or proprietary information. Kingston denies that it has infringed the '802 patent. All remaining allegations of Paragraph 71 are denied.

72. Denied.

73. Kingston denies that it is infringing or has infringed (directly or indirectly) any valid, enforceable claim of the '802 patent. All remaining allegations of Paragraph 73 are denied.

74. Kingston denies that it is infringing or has infringed (directly or indirectly) any valid, enforceable claim of the '802 patent. All remaining allegations of Paragraph 74 are denied.

75. Kingston denies that it is infringing or has infringed (directly or indirectly) any valid, enforceable claim of the '802 patent. All remaining allegations of Paragraph 75 are denied.

## COUNT II
### (ALLEGED KINGSTON'S INFRINGEMENT OF '135 PATENT)

76. Kingston incorporates by reference its responses to the allegations in Paragraphs 1-62 above as if fully set forth herein.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent required, Kingston denies that it has made, used, offered for sale, sold, and/or imported into the United States products that infringe any valid, enforceable claim of the '135 patent, and continues to do so. All remaining allegations of Paragraph 77 are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Kingston denies that it or any of its customers or end users is or has infringed (directly or indirectly) the '135 patent. All remaining allegations of Paragraph 82 are denied.

83. Kingston denies that it has induced, and continues to induce, infringement of the '135 patent under 35 U.S.C. 271(b). All remaining allegations of Paragraph 83 are denied.

84. Denied.

85. Denied.

86. Kingston denies that it is infringing or has infringed (directly or indirectly) any valid, enforceable claim of the '135 patent. All remaining allegations of Paragraph 86 are denied.

87. Kingston denies that it is infringing or has infringed (directly or indirectly) any valid, enforceable claim of the '135 patent. All remaining allegations of Paragraph 87 are denied.

88. Kingston denies that it is infringing or has infringed (directly or indirectly) any valid, enforceable claim of the '135 patent. All remaining allegations of Paragraph 88 are denied.

## COUNT III

### (ALLEGED IMATION'S INFRINGEMENT OF THE '802 PATENT)

89. Kingston incorporates by reference its responses to the allegations in Paragraphs 1-62 above as if fully set forth herein.

90.-101. Paragraphs 90-101 pertain to defendants other than Kingston so no response from Kingston is required. To the extent a response is required, Kingston is

without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

### COUNT IV
### (ALLEGED IMATION'S INFRINGEMENT OF THE '135 PATENT)

102. Kingston incorporates by reference its responses to the allegations in Paragraphs 1-62 above as if fully set forth herein.

103.-114. Paragraphs 103-114 pertain to defendants other than Kingston so no response from Kingston is required. To the extent a response is required, Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

### COUNT V
### (ALLEGED DATALOCKER'S INFRINGEMENT OF THE '802 PATENT)

115. Kingston incorporates by reference its responses to the allegations in Paragraphs 1-62 above as if fully set forth herein.

116.-126. Paragraphs 116-126 pertain to defendants other than Kingston so no response from Kingston is required. To the extent a response is required, Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

### COUNT VI
### (ALLEGED DATALOCKER'S INFRINGEMENT OF THE '135 PATENT)

127. Kingston incorporates by reference its responses to the allegations in Paragraphs 1-62 above as if fully set forth herein.

128-138. Paragraphs 128-138 pertain to defendants other than Kingston so no response from Kingston is required. To the extent a response is required, Kingston is without knowledge or information sufficient to form a belief as to the truth of allegations and therefore denies them.

13                     Case No. 8:16-cv-01790
Kingstons' Answer and Affirmative Defenses

## PLAINTIFF'S PRAYER FOR RELIEF

These Paragraphs set forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Kingston denies that Plaintiff is entitled to any relief whatsoever as prayed or otherwise.

## PLAINTIFF'S JURY TRIAL DEMAND

This Paragraph sets forth Plaintiff's request for trial by jury to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Kingston alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Kingston specifically reserves all rights to allege additional affirmative defenses that become known through the course of litigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1. Each and every one of Plaintiffs' claims for relief and each and every one of its allegations fail to state a claim against each of Kingston Technology Corporation, Kingston Digital, Inc. ("Kingston Digital") and Kingston Technology Company, Inc. ("KTCI") (collectively, "Kingston"), upon which any relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Kingston has not infringed and does not infringe, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively

induced others to infringe, any purportedly valid, enforceable claim of the '802 and/or '135 Patents (the "patents-in-suit").

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

On information and belief, the patents-in-suit, and each and every claim thereof, are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, and 132, and the rules, regulations, and laws pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel/Disclaimer)

Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents-in-suit, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiff is estopped from asserting that at least some of the patents-in-suit cover and include any Kingston products alleged to infringe the patents-in-suit.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel, and Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, and/or acquiescence, and/or other equitable doctrines.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Kingston's alleged infringing acts occurring more than six years before the filing of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Absence of Damages)

Plaintiff has not suffered and will not suffer any injury or damages by way of the acts and conduct of Kingston as alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE
### (License/Exhaustion)

Plaintiff is barred from asserting the patents-in-suit against Kingston to the extent Kingston's use is licensed or otherwise authorized and/or to the extent Plaintiff's patent rights in the accused technology are exhausted.

### OTHER AFFIRMATIVE DEFENSES

Kingston's investigation of the claims and its defenses is continuing. In addition to the affirmative defenses set forth herein, Kingston expressly reserves the right to amend its Answer to allege and assert any additional affirmative defenses and counterclaims or to supplement its existing defenses under Rule 8 of the Federal Rules of Civil Procedure.

### **PRAYER FOR RELIEF**

WHEREFORE, Kingston denies that Plaintiff is entitled to any relief, including the relief requested in its Prayer for Relief, Kingston respectfully requests that the Court enter a judgment against Plaintiff and in favor of Kingston as follows:

A.   That Plaintiff takes nothing and be denied any relief whatsoever;

1  B. That the Complaint be dismissed on the merits and with prejudice;

2  C. That the claims of the patents-in-suit be declared to be not infringed by

3  Kingston;

4  D. That the claims of the patents-in-suit be declared to be invalid and/or

5  unenforceable;

6  E. That Kingston be awarded its costs incurred in connection with this

7  action;

8  F. That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such

9  that Kingston be awarded reasonable attorneys' fees; and

10 G. That Kingston be awarded such other and further relief as the Court may

11 deem just and proper.

## JURY DEMAND

Kingston demands a trial by jury as to all claims and issues properly triable thereby.

Dated: December 7, 2016

FISH & RICHARDSON P.C.

By: */s/ David Hoffman*
David Hoffman (*pro hac vice*)
hoffman@fr.com
FISH & RICHARDSON P.C.
One Congress Plaza
111 Congress Ave., Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Garrett K. Sakimae (SBN 288453)
sakimae@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street 31st Floor
Los Angeles, CA 90013
Tel: (213) 533-4240
Fax: (858) 678-5099

Christine Yang (SBN 102048)
cyang@sjclawpc.com
Law Office of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708

Tel.: (714) 641-4022
Fax: (714) 641-2082

***Attorneys for Defendants***
Kingston Technology Corporation,
Kingston Technology Company, Inc.,
and Kingston Digital, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 7, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ David M. Hoffman*
David M. Hoffman (*pro hac vice*)
hoffman@fr.com

**Attorneys for Defendants**
Kingston Technology Corporation, Kingston Digital, Inc., and Kingston Technology Company, Inc.