Scott R. Brown (CA Bar No. 151635)
srb@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Blvd., Suite 1000
84 Corporate Woods
Overland Park, KS 66210
Telephone: (913) 647-9050
Facsimile: (913) 647-9057

Attorneys for Defendants
DATALOCKER INC. and DATA LOCKER
INTERNATIONAL, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., | Case No. 8:16-cv-01790-JVS-AGR |
| Plaintiff, | **DEFENDANTS DATALOCKER INC. AND DATA LOCKER INTERNATIONAL, LLC'S ANSWER** |
| vs. | |
| KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC, | **JURY TRIAL DEMANDED**<br><br>Complaint Filed: 9/27/16 |
| Defendants. | |

1.     For its Answer to the Complaint of SPEX Technologies, Inc. ("SPEX" or "Plaintiff"), Defendants DataLocker Inc. and Data Locker International, LLC (collectively "DataLocker"), by its undersigned attorneys, states:

## **PARTIES**

2.     DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.     This paragraph is not directed to DataLocker and therefore no response is required. To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

4.     This paragraph is not directed to DataLocker and therefore no response is required. To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

5.     This paragraph is not directed to DataLocker and therefore no response is required. To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

6.     This paragraph is not directed to DataLocker and therefore no response is required.  To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

7.     This paragraph is not directed to DataLocker and therefore no response is required. To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

8.     DataLocker admits that DataLocker Inc. is a Kansas corporation with its headquarters at 7007 College Blvd., Suite 240, Overland Park, Kansas 66211.

9.     DataLocker admits that Data Locker International, LLC is a Delaware corporation with its headquarters at 7007 College Blvd., Suite 240, Overland Park, Kansas 66211.

10.     DataLocker admits that Paragraph 10 refers to DataLocker Inc. and Data Locker International, LLC together as "DataLocker." To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

## NATURE OF THE ACTION

11.     DataLocker admits that the Complaint purports to state a cause of action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* for infringement of U.S. Patent No. 6,088,802 and U.S. Patent No. 6,003,135, and that copies of those patents are purportedly attached as Exhibits A and B, respectively, to Plaintiff's Complaint.  All remaining allegations of Paragraph 11 are denied.

12.     To the extent that the allegation is directed to DataLocker or its products or services, DataLocker denies the allegations of Paragraph 12.

## JURISDICTION AND VENUE

13.     DataLocker admits that this Court has original jurisdiction over the subject matter of Plaintiff's Complaint, but denies that there are any legal or factual bases for the action.  To the extent that Paragraph 13 pertains to other defendants, no response is required by DataLocker.  All remaining allegations of Paragraph 13 are denied.

14.     Paragraph 14 states legal conclusions to which no response is required.  DataLocker denies that it has committed acts of patent infringement (direct or otherwise) of any valid, enforceable claim of the Patents-in-Suit. DataLocker denies the remaining allegations of Paragraph 14 as they relate to DataLocker.  DataLocker lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 14 as they relate to the other named defendants, and on that basis denies them.

15.     Paragraph 15 states legal conclusions for which no response is required.  DataLocker denies that it has committed acts of patent infringement (direct or otherwise) of any valid, enforceable claim of the Patents-in-Suit. DataLocker denies the remaining allegations of Paragraph 15 as they relate to DataLocker. DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 as they relate to the other named defendants, and on that basis denies them.

16.     Paragraph 16 states legal conclusions for which no response is required.  DataLocker admits that Imation sold IronKey assets to Kingston in February 2016.  DataLocker admits that Imation sold IronKey assets to DataLocker in February 2016, and that Plaintiff purports to assert claims against IronKey-branded products. DataLocker denies the remaining allegations of Paragraph 16.

## FACTUAL BACKGROUND

17.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies them.

18.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies them.

19.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis denies them.

20.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies them.

21.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies them.

22.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis denies them.

23.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis denies them.

24.    Paragraph 24 is not directed to DataLocker and therefore no response is required.  To the extent a response to this Paragraph is required, DataLocker is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies them.

25.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis denies them.

26.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis denies them.

27.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis denies them.

28.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and on that basis denies them.

29.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis denies them.

30.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis denies them.

31.    DataLocker admits that Exhibit C to Plaintiff's Complaint purports to be a mutual confidentiality agreement between Spyrus, Inc. and Kingston Digital, Inc., and further states that the document speaks for itself. DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and on that basis denies them.

32.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis denies them.

33.    DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and on that basis denies them.

34.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and on that basis denies them.

35.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis denies them.

36.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis denies them.

37.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis denies them.

38.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis denies them.

39.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis denies them.

40.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and on that basis denies them.

41.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis denies them.

42.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis denies them.

43.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis denies them.

44.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis denies them.

45.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis denies them.

46.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and on that basis denies them.

47.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis denies them.

48.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis denies them.

49.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis denies them.

50.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis denies them.

51.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis denies them.

52.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and on that basis denies them.

53.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis denies them.

54.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis denies them.

55.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis denies them.

56.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis denies them.

57.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis denies them.

58.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and on that basis denies them.

## THE PATENTS-IN-SUIT

59.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and on that basis denies them.

60.     DataLocker admits that United States Patent No. 6,088,802 ("the '802 Patent") is entitled "Peripheral Device With Integrated Security Functionality," and that it was issued on July 11, 2000, from U.S. Patent Application No. 08/869,305

filed on June 4, 1997. DataLocker further admits that a copy of the '802 Patent is purportedly attached as Exhibit A to Plaintiff's Complaint.

61.     DataLocker admits that United States Patent No. 6,003,135 ("the '135 Patent") is entitled "Modular Security Device," and that it was issued on December 14, 1999, from U.S. Patent Application No. 08/869,120 filed on June 4, 1997. DataLocker further admits that a copy of the '135 Patent is purportedly attached as Exhibit B to Plaintiff's Complaint.

62.     DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and on that basis denies them.

## COUNT I
## (KINGSTON'S INFRINGEMENT OF THE '802 PATENT)

63.     DataLocker incorporates by reference its responses contained in Paragraphs 1 through 62 as if fully set forth herein.

64-75.  Paragraphs 64-75 pertain to defendants other than DataLocker so no response from DataLocker is required.  To the extent a response is required, DataLocker lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 64 through 75, and on that basis denies them.

## COUNT II
## (KINGSTON'S INFRINGEMENT OF THE '135 PATENT)

76.     DataLocker incorporates by reference its responses contained in Paragraphs 1 through 75 as if fully set forth herein.

77-88   Paragraphs 77-88 pertain to defendants other than DataLocker so no response from DataLocker is required.  To the extent a response is required, DataLocker lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraphs 77 through 88, and on that basis denies them.

## COUNT III
## (IMATION'S INFRINGEMENT OF THE '802 PATENT)

89. DataLocker incorporates by reference its responses contained in paragraphs 1 through 88 as if fully set forth herein.

90-101.  Paragraphs 90-101 pertain to defendants other than DataLocker so no response from DataLocker is required.  To the extent a response is required, DataLocker denies that any product previously associated with Imation and now associated with DataLocker infringes the '802 Patent. DataLocker further states that the allegations in Paragraphs 90 through 101 of Plaintiff's Complaint assert a claim for infringement of the '802 Patent solely against Defendant Imation. DataLocker therefore lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 90 through 101, and on that basis denies them.


## COUNT IV
## (IMATION'S INFRINGEMENT OF THE '135 PATENT)

102. DataLocker incorporates by reference its responses contained in Paragraphs 1 through 101 as if fully set forth herein.

103-114.  Paragraphs 103-114 pertain to defendants other than DataLocker so no response from DataLocker is required.  To the extent a response is required, DataLocker denies that any product previously associated with Imation and now associated with DataLocker infringes the '135 Patent. DataLocker further states that the allegations in paragraphs 103 through 114 of Plaintiff's Complaint assert a claim for infringement of the '135 Patent solely against Defendant Imation. DataLocker therefore lacks knowledge or information

1   sufficient to form a belief as to the truth of the remaining allegations of
2   Paragraphs 103 through 114, and on that basis denies them.

### COUNT V
### (DATALOCKER'S INFRINGEMENT OF THE '802 PATENT)

115.   DataLocker incorporates by reference its responses contained in Paragraphs 1 through 114 as if fully set forth herein.

116.   Paragraph 116 states legal conclusions for which no response is required.  DataLocker denies that it has made, used, offered for sale, sold, and/or imported into the United States products that infringe any valid, enforceable claim of the '802 Patent. All remaining allegations of Paragraph 116 are denied.

117.   DataLocker denies the allegations of Paragraph 117 and Exhibit H referenced therein.

118.   DataLocker denies the allegations of Paragraph 118.

119.   DataLocker admits that it had notice of '802 Patent since the filing of Plaintiff's Complaint. DataLocker otherwise denies the allegations of Paragraph 119.

120.   DataLocker denies the allegations of Paragraph 120 and Exhibit H referenced therein.

121.   DataLocker denies the allegations of Paragraph 121.

122.   DataLocker denies the allegations of Paragraph 122.

123.   DataLocker admits that it had notice of '802 Patent since the filing of Plaintiff's Complaint. DataLocker otherwise denies the allegations of Paragraph 123.

124.   DataLocker denies the allegations of Paragraph 124.

125.   DataLocker denies the allegations of Paragraph 125.

126.   DataLocker denies that Plaintiff is entitled to recover any damages as alleged in Paragraph 126.

## COUNT VI

## (DATALOCKER'S INFRINGEMENT OF THE '135 PATENT)

127.    DataLocker incorporates by reference its responses contained in Paragraphs 1 through 126 as if fully set forth herein.

128.    DataLocker denies that it has made, used, offered for sale, sold, and/or imported into the United States products that infringe any valid, enforceable claim of the '135 Patent. All remaining allegations of Paragraph 128 are denied.

129.    DataLocker denies the allegations of Paragraph 129 and Exhibit I referenced therein.

130.    DataLocker denies the allegations of Paragraph 130.

131.    DataLocker admits that it had notice of '802 Patent since the filing of Plaintiff's Complaint. DataLocker otherwise denies the allegations of Paragraph 131.

132.    DataLocker denies the allegations of Paragraph 132 and Exhibit I referenced therein.

133.    DataLocker denies the allegations of Paragraph 133.

134.    DataLocker denies the allegations of Paragraph 134.

135.    DataLocker admits that it had notice of '135 Patent since the filing of Plaintiff's Complaint. DataLocker otherwise denies the allegations of Paragraph 135.

136.    DataLocker denies the allegations of Paragraph 136.

137.    DataLocker denies the allegations of Paragraph 137.

138.    DataLocker denies that Plaintiff is entitled to recover any damages as alleged in Paragraph 138.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint comprises a prayer for relief to which no response is required. To the extent any response is required, DataLocker denies

that Plaintiff is entitled to any remedy or relief on its claims against DataLocker whatsoever, either as requested or otherwise.

## <u>DATALOCKER'S AFFIRMATIVE DEFENSES</u>

Pleading in the alternative, and without prejudice to the foregoing admissions, averments, and denials, DataLocker asserts the following affirmative defenses to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. DataLocker reserves the right to amend its Answer to add additional affirmative and other defenses as discovery proceeds in this case.

### <u>First Affirmative Defense</u>
### **(Failure to State a Claim)**

1.     Each and every one of Plaintiff's Claims for relief and each and everyone of its allegations fail to state a claim against each of DataLocker Inc. and DataLocker International, LLC (collectively, "DataLocker") for which relief can be granted.

### <u>Second Affirmative Defense</u>
### **(Non-Infringement)**

2.     DataLocker does not infringe, and has not infringed, either literally, or by application of the doctrine of equivalents, directly or indirectly (whether contributorily or by inducement) any purportedly valid, enforceable claim of the '802 or '135 Patents (collectively, "the Patents"),

### <u>Third Affirmative Defense</u>
### **(Invalidity)**

3.     The Patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### <u>Fourth Affirmative Defense</u>
### **(Waiver, Laches, Estoppel, and Acquiescence)**

4. Plaintiff's claims are limited or barred by the equitable doctrines of waiver, laches, estoppel and/or acquiescence.

5.

## Fifth Affirmative Defense

### (Prosecution History Estoppel/Disclaimer)

6. Upon information and belief, by reason of prior art and the proceedings before the U.S. Patent and Trademark Office during the prosecution of the patents-in-suit, Plaintiff is estopped from asserting that at least some of the patents-in-suit cover and include DataLocker products alleged to infringe the patents-in-suit.

## Sixth Affirmative Defense

### (Unclean Hands)

7. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## Seventh Affirmative Defense

### (Limitation on Damages)

8. Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## Eighth Affirmative Defense

9. To the extent Plaintiff asserts that DataLocker indirectly infringed (whether contributorily or by inducement), DataLocker is not liable for the acts alleged to have been performed before Defendants knew their actions would cause the alleged indirect infringement.

## Ninth Affirmative Defense

### (License/Exhaustion)

10. Plaintiff is barred from asserting the Patents against DataLocker to the extent DataLocker's use is licensed or otherwise authorized and/or to the extent Plaintiff's patent rights in the accused technology are exhausted.

## **Tenth Affirmative Defense**

### **(Standing)**

11.     To the extent Plaintiff does not have title to any or all of the Patents, or to the extent that the right to sue for past infringement was not clearly conveyed to Plaintiff, Plaintiff lacks standing.

## **JURY DEMAND**

DataLocker demands a trial by jury of all issues so triable.


DATED: <u>December 8, 2016</u>          HOVEY WILLIAMS LLP


                                    By:    *<u>/s/ Scott Brown</u>*
                                         HOVEY WILLIAMS LLP
                                         Scott R. Brown (CA Bar No. 151635)
                                         srb@hoveywilliams.com
                                         10801 Mastin Blvd., Suite 1000
                                         84 Corporate Woods
                                         Overland Park, KS 66210
                                         Telephone:  (913) 647-9050
                                         Facsimile:  (913) 647-9057

                                         Attorneys for Defendants
                                         DATALOCKER INC. and DATA
                                         LOCKER INTERNATIONAL, LLC

14