*[SEE SIGNATURE BLOCKS FOR COUNSEL INFORMATION]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01790-JVS-AGR |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT REGARDING TERMINATION OF *INTER PARTES* REVIEW PROCEEDINGS AND REQUEST FOR A STATUS CONFERENCE** |
| KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC, | |
| Defendants. | |

RUSS, AUGUST & KABAT

JOINT STATUS REPORT REGARDING *INTER PARTES*
REVIEW PROCEEDINGS

RUSS, AUGUST & KABAT

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., | Case No. 8:16-CV-01799-JVS-AGR |
| Plaintiff, | |
| v. | |
| WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC., | |
| Defendants. | |
| SPEX TECHNOLOGIES, INC., | Case No. 2:16-CV-07349-JVS-AGR |
| Plaintiff, | |
| v. | |
| APRICORN, INC., | |
| Defendant. | |
| SPEX TECHNOLOGIES, INC., | Case No. 2:16-CV-01800-JVS-AGR |
| Plaintiff, | |
| v. | |
| TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA AMERICA, INC., TOSHIBA CORPORATION | |
| Defendants. | |

JOINT STATUS REPORT REGARDING *INTER PARTES* REVIEW PROCEEDINGS

Plaintiff SPEX Technologies, Inc. ("SPEX"), and Defendants Kingston Technology Corporation, Kingston Digital, Inc., Kingston Technology Company, Inc. (collectively, "Kingston"), Western Digital Corp., Western Digital Technologies, Inc., and HGST, Inc. (collectively "Western Digital"), Apricorn, Inc., and Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., and Toshiba Corporation (collectively "Toshiba") (Kingston, Western Digital, Apricorn, and Toshiba are collectively "Defendants") submit this joint report regarding the status of the *Inter Parties* Review petitions submitted by Defendants.

On May 16, 2018, the Court issued an Order Granting Defendants' Motions to Stay, staying these actions pending the issuance of the Final Written Decisions in all of the IPR proceedings. These IPR proceedings include: (1) an IPR proceeding as to the '802 patent, originally brought by Western Digital but in which all Defendants joined; (2) multiple IPR proceedings as to the '135 patent brought by Kingston; and (3) an IPR proceeding as to the '135 patent, originally brought by Western Digital in which all Defendants except for Kingston were allowed to join.

The Board has made final determinations in each of the IPRs. With respect to the proceeding brought against the '802 patent, the PTAB found claims 38 and 39 unpatentable, but did not find claims 1, 2, 6, 7, 11, 12, 23, 24, and 25 to be

RUSS, AUGUST & KABAT

unpatentable in view of the evidence and arguments it considered.[1]  With respect to the proceedings against the '135 patent brought by Kingston, the PTAB found claim 58 unpatentable, but did not find claims 55, 56, and 57 unpatentable over the prior art in those proceedings.  With respect to the proceeding against the '135 patent originally brought by Western Digital, the PTAB denied Kingston's motion to join and dismissed the "copycat" petition filed by Kingston in order to join the proceeding in view of the Board's determination that Kingston was estopped as a result of its previous IPR proceedings.  The Board then terminated the IPR proceeding against the '135 patent originally brought by Western Digital in view of a settlement agreement reached between Western Digital, Toshiba, Apricorn, and SPEX.

Currently, both the '135 patent and the '802 patent are asserted against Kingston, while only the '802 patent is asserted against the remaining Defendants. The Court dismissed with prejudice the disputes between the non-Kingston Defendants and SPEX regarding the '135 Patent.

The parties disagree as to whether an additional stay, pending the appeals of the various IPR proceedings, is appropriate.  The parties' positions are detailed below.

---

[1] Claims 6, 7, 23, and 25 are indefinite in view of the Court's construction of the "means for providing" limitation, and the Board was unable to construe the "similar recitation" in claim 24 for the same reason.  See Dkt. No. 65 at 38-43 (holding that the "means for providing" limitation in claims 6, 7, 23, and 25 is indefinite); Case IPR2018-00082, Paper No. 40 at 38-39 (regarding "similar recitation").

**SPEX'S POSITION**

According to the Court's May 16, 2018 Order, with the issuance of the Final Written Decision on April 18, 2019, the stay is now lifted. *See, e.g.,* Case No. 2:16-cv-07349, Dkt. No. 75 ("[T]hese proceedings are stayed pending the PTAB's issuance of its Final Written Decisions. . . . The stay is only through the issuance of the PTAB's decisions."). SPEX requests that the Court set a scheduling conference, and order the parties to negotiate a new case schedule through trial in advance of the scheduling conference.

Defendants' request for an additional stay should be denied. These cases were filed in 2016 and have already been stayed for nearly a year pending the issuance of the Final Written Decisions. Any further stay is inconsistent with the provision to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Nor is there is any reason to believe that the parties will be in a different position after the resolution of the appeals. The likelihood of Defendants' success in any appeal is less than 25%. In 2018, the Federal Circuit affirmed 77% of the PTAB's decisions.[2] Further, if the Court were to institute a new stay through the resolution of Defendants' appeals, the schedule could be delayed for at least another year, if not longer.[3] The potential prejudice to SPEX's ability to adequately try its claims against Defendants remains due to the continuing health

---

[2]  https://www.perkinscoie.com/images/content/2/1/v3/216639/Fed.-Circ.-Patent-Decisions-In-2018-An-Empirical-Review.pdf at 2.

[3] *Id.* at 7 (median time for disposition of an appeal to the Federal Circuit was 14 months in 2018).

RUSS, AUGUST & KABAT

status of some of the potential witnesses at trial. *E.g.*, Case 8:16-cv-01799, Dkt. 87-8 (declaration of Burton Tregub detailing his cancer diagnosis and treatments), Dkt. 87 at 14 (discussing Mr. Bialick's testimony regarding his cancer diagnosis).

Defendants argue that the dismal statistics as to the likelihood of success of their appeals should be ignored because they raise issues with trial management decisions made by the PTAB, and such appeals are more likely to succeed. This is not true. Even assuming the issue for appeal were limited to trial management decisions, which they are not, trial management decisions (just as with district court trial management decisions) are subject to the highly deferential standard that requires a showing of abuse of discretion. *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 441-42 (Fed. Cir. 2015) (holding that the PTAB's interpretation of the supplementation rules was reasonable). There is nothing unusual or unreasonable about the PTAB denying Defendants' motions as Defendants were seeking extraordinary relief inconsistent with the statutes and controlling precedent.

Defendants were not entitled to "supplement" the record because the PTAB found that the Defendants' purported supplementation was not a supplementation but rather an entirely new argument different than the argument in its petition; indeed, Defendants' purported "supplement" identified different allegedly invalidating aspects of the prior art than Defendants identified in their petition. Case IPR2018-00082, Paper 22 at 9-10 (rejecting Defendants' purported supplementation

because it presented "a wholly new argument").  In an IPR, however, Defendants' must disclose their complete arguments in their initial petition.  *Intelligent BioSystems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1369 (Fed. Cir. 2016) (citing 35 U.S.C. § 312(a)(3)).[4]

Defendants were similarly not entitled to submit a reply (likely intended to raise the new arguments already forbidden by the PTAB's order on supplementation) because a reply is only permitted to address arguments raised in an opposition ***by the patent owner***, not the initial findings by the PTAB.  IPR2018-00082, Paper 22 at 2-3 (quoting 37 C.F.R. § 42.23(b)).  SPEX did not submit substantive arguments in response to Defendants' petitions.  The PTAB further considered, and rejected, Defendants' due process argument because Defendants had the opportunity to address their new arguments in their initial petition but chose not to.  IPR2018-00082, Paper 32 at 5.  The PTAB also noted that Defendants had the opportunity to seek a rehearing on the institution decision, but again made the affirmative choice not to seek such relief.  *Id.* at 5-6.

The scope of the estoppel as a result of Defendants' unsuccessful IPR petitions is also unquestionable, despite Defendants' arguments to the contrary.  Seeking an IPR is not cost-free; Congress expressly set forth that there are consequences for

---

[4] *Ultratec Inc., v. CaptionCall, LLC*, 872 F.3d 1267 (Fed. Cir. 2017), cited by Defendants, is irrelevant here because the testimony sought to be supplemented in that case was (1) trial testimony; (2) from the same expert; and (3) did not change petitioner's argument.  Id. at 1272-73.  None of those factors applies here.  Further, unlike the proceeding addressed in *Ultratec*, the Board here did allow Defendants to fully brief their positions on the record, and entered an order explaining its reasoning.

RUSS, AUGUST & KABAT

Defendants if an IPR proceeding is unsuccessful.  In particular, after the issuance of a Final Written Decision, 35 U.S.C. § 315(e)(2) estops Defendants from raising "any ground that the petitioner raised *or reasonably could have raised* during the inter partes review." *Id.* (emphasis added).  The PTAB found that Defendants could have raised its new invalidity arguments but chose to raise different arguments.  They are now estopped.  From a policy perspective, this makes sense.  The payment created by Congress in exchange for using the IPR process is a simplification (or nullification) of the invalidity process during a follow-on trial.  Defendants should not able to make one argument to the PTAB and, when unsuccessful, make a different argument to the district court as they appear to intend to argue here.

Kingston's three additional pending appeals are related only to the '135 patent (not asserted against the other Defendants), and also do not increase the chances of success in overturning the Final Written Decisions of the PTAB.  Two of the appeals are subject to Orders to Show Cause as to why the Federal Circuit has jurisdiction to hear the appeal at all.  *Kingston Tech. Co., Inc. v. SPEX Techs., Inc.*, Case No. 2019-1342 at Dkt. 6 (Fed. Cir.); *Kingston Tech. Co., Inc. v. SPEX Techs., Inc.*, Case No. 2019-1599 at Dkt. 28 (Fed. Cir.).  Kingston's appeals are unlikely to succeed because, in both appeals, it is appealing an institution decision by the PTAB, which is forbidden by statute.  35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be *final and nonappealable*." (emphasis added)); *see also* 35 U.S.C. § 319 (appeals by parties

are allowed of final written decisions); 35 U.S.C. § 141(c) (same).  In Case No. 2019-1342, Kingston is appealing an institution denial based on the estoppel that attached as a result of Final Written Decisions in its previous, unsuccessful IPR petitions. There is no statute or precedent supporting Kingston's extraordinary requested relief in violation of 35 U.S.C. § 315(e).   In Case No. 2019-1599, Kingston is also appealing the PTAB's refusal to allow it to institute another attempt to establish a post-estoppel third IPR proceeding against the '135 patent, this time by joining an IPR proceeding initially submitted by Western Digital.  Kingston lacks jurisdiction not only because it was not a party to the IPR, but also because the decision was effectively a refusal to institute an IPR proceeding, a matter for which the applicable statues do not authorize appeal.  35 U.S.C. § 314(d); 35 U.S.C. § 319; 35 U.S.C. § 141(c).

Kingston's third appeal, Case No. 2019-1256, is an ordinary appeal in which Kingston argues that the PTAB did not weigh the evidence properly, and therefore came to the incorrect conclusion.  As discussed above, such appeals have less than a 25% chance of succeeding.

Accordingly, in the light of the fact that any streamlining of this case has already occurred as a result of the issuances of the Final Written Decisions, and the prejudice to SPEX in further delays, the Court should reject any request by Defendants for a new stay, of uncertain length, pending appeal.

## DEFENDANTS' POSITION

In its May 16, 2018 Order, the Court explained that it "will evaluate[] any further stay in light of the results before the PTAB." *See, e.g.,* Case No. 2:16-cv-07349, Dkt. No. 75 at 6.  Defendants respectfully request that the Court extend the stay in this case until after the Federal Circuit issues a decision on Western Digital's appeal of the Board's Final Written Decision on IPR2018-00082 ("'082 IPR") regarding the '802 Patent.  As explained in Western Digital's notice of appeal, filed on May 1, 2019, the appeal raises due process concerns arising from the Board's denial of Western Digital's requests to "(i) supplement the record to include admissions made by Patent Owner's experts that were made only after the Petition was filed, and (ii) file a reply, with respect to the patent claims for which the Board instituted review but did not find, based on the Petition, that Petitioner had a reasonable likelihood of prevailing," denials based in part on the manner in which the Board interpreted what constitutes a new "ground" for unpatentability.  *See* Case IPR2018-00082, Paper 40 (Notice of Appeal).  Thus, this appeal differs greatly from the typical appeal (with a lower chance of success) that merely challenges how the Board weighed the evidence before it.  The appeal will address the only remaining patent claims asserted by SPEX against Western Digital, Toshiba and Apricorn in this litigation and two-thirds of the claims asserted against Kingston.[5]

---

[5] Apricorn filed a Notice of Appeal on the same issues on May 2, 2019.  Toshiba intends to file a similar Notice of Appeal.

RUSS, AUGUST & KABAT

Defendants believe the appeal has a strong likelihood of success, and even more, Defendants believe that the Board's actions and interpretation of what constitutes a new "ground" for unpatentability logically leads to the conclusion that estoppel does not apply to the alleged "new ground," as it could not have been raised during the IPR because some of the evidence upon which it is based—admissions elicited in depositions of SPEX's experts in this case—did not exist when the Petition was filed and the Board denied Western Digital's requests to present argument based on the evidence.  35 U.S.C. § 315(e)(2) (estoppel applies to "any *ground* that the petitioner *raised or reasonably could have raised* during that inter partes review").

While SPEX's statement argues the merits of the appeal, Defendants do not believe that a joint status report should be used in this manner.  Nonetheless, it bears emphasizing that the PTAB "does not have unfettered discretion in these matters." *Ultratec Inc., v. CaptionCall, LLC*, 872 F.3d 1267, 1274 (Fed. Cir. 2017); *see also id*. at 1272 (citing *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 442 (Fed. Cir. 2015), but finding no reasoned basis "why it would not be in the interest of justice" to consider testimony from a party's expert in the corresponding litigation).  Indeed, in *Ultratec* the Federal Circuit held that the PTAB abused its discretion when it refused to allow supplementation of the record to include after-arising testimony from one of the parties' experts in the corresponding litigation.  *Id*. at 1275 (vacating and remanding the PTAB's decision).  The Defendants are faced

with a similar issue here—Defendants sought, and were denied, the opportunity to supplement the record before the PTAB to include after-arising testimony from SPEX's experts in these litigations. Importantly, the admissions of SPEX's experts are not only directed to the prior art of record in the IPR, but also to the single claim element that the Board found the IPR Petition did not adequately show.  As such, the Board's decision is not simply a "trial management decision."  *See id*. at 1273 (after-arising testimony from experts is "highly relevant" and "no reasonable fact finder would refuse to consider" this testimony).  Defendants thus expect the Federal Circuit to similarly vacate and remand the PTAB's decision here in order to reconcile the inconsistent records in the District Court and the PTAB.  As a result, a successful appeal would resolve the only remaining issues between SPEX and Western Digital, Toshiba, and Apricorn without the need for further Court intervention.

But if the Court lifts the stay now, the parties will likely ask the Court to decide the proper scope of estoppel in view of the narrow interpretation of "ground for unpatentability" the Board applied in its Final Written Decision.  And given the importance of this issue, if the party against whom the Court rules does not prevail at trial, it will have motivation to appeal the Court's decision regarding the scope of estoppel, thereby creating the possibility of multiple trials and waste of judicial resources.

Moreover, if this case proceeds, Defendants will be forced to expend considerable resources defending and possibly going to trial on claims that the

Federal Circuit could either find invalid or remand back to the PTAB for the continuation of the IPR that resulted in the original stay (to include the testimony that it previously refused to consider).  It would inflict considerable prejudice on the Defendants if they are required to proceed to trial on claims that will ultimately be found invalid by the Federal Circuit or the PTAB on remand.

At the same time, an extension of the stay also will not prejudice SPEX.  As the Court's May 16, 2018 Order noted, SPEX is a non-practicing entity, and the '802 and '135 Patents have expired. Case No. 2:16-cv-07349, Dkt. No. 75 at 5.  Moreover, SPEX's assertions of prejudice due to the health status of two witnesses are based on the same declarations over which the Court first issued the stay.  *Id.*  (finding this concern speculative and noting that both witnesses have already been deposed). Further, while the Court noted the "availability of further depositions to preserve the witnesses' trial testimony" during the stay, *id.*, SPEX has not sought to avail itself of this opportunity at any point during the stay.

For all of these reasons, Defendants request that the Court extend the stay.

## KINGSTON'S POSITION

Kingston joins fully with the statement set forth by Defendants collectively supporting why the stay should be continued for all Defendants.  However, Kingston sets forth additional reasons as to why the case against Kingston should be considered separately and why the continuation of a stay is particularly appropriate given the unique facts underlying the Kingston case.

RUSS, AUGUST & KABAT

SPEX has not dropped its allegations of infringement relating to the '135 patent against Kingston, though it has done so against the other defendants.  The '135 patent is currently the subject of three separate appeals at the Federal Circuit, all of which may have an effect on the outcome of this case should Kingston prevail.  Unlike the appeals relating to the '802 patent, these appeals are already ongoing.  With respect to the first appeal, Kingston submitted its opening brief over a month ago.  After seeking an extension, SPEX's responsive brief is currently due on June 12, 2019.  Assuming no further extensions, Kingston's reply brief will be due on July 3, 2019; and oral argument may be expected before the end of the year.  Though the affirmance rate for the typical IPR appeal may be high, Kingston's appeal is not a typical one, as it raises significant legal issues regarding whether the Board can require different level of detail between the '135 patent and the prior art and whether the Board violated APA principles by refusing to consider admissions from SPEX's litigation expert relating to the patentability of the challenged claims.  These legal issues set Kingston's appeal apart from the typical "substantial evidence" appeal from an IPR.

The other two appeals brought by Kingston involve the PTAB's decisions to deny Kingston joinder into the separate IPR proceedings filed originally by Western Digital.  Those proceedings which involve the same prior art that the PTAB already used to invalidate the nearly identical claims in the '802 patent will result in a decision of unpatentability for the '135 patent when the Federal Circuit properly

RUSS, AUGUST & KABAT

joins Kingston.  In those matters, briefing regarding the jurisdiction of the Federal Circuit has either been completed or is in progress.  Kingston fully expects that the Court will find it has jurisdiction over each of these appeals, and that substantive briefing will be completed or at least well under way before the end of the year. Kingston additionally plans to file a notice of appeal from the Board's decision regarding the '802 patent, which Kingston also expects to be successful for the reasons discussed above.

SPEX makes numerous arguments regarding the merits of Kingston's appeals. Kingston believes these arguments are best suited for the Federal Circuit briefing— not a joint filing updating this Court of the status of pending IPRs.  Kingston has made its arguments to the Court, and Kingston has done so with the hope and expectation that it will be successful.  In particular, Kingston believes that it will succeed in its jurisdictional arguments because of the Federal Circuit's recent *en banc* decision limiting the scope of the "no appeal" provision SPEX references; and Kingston believes and expects that it will be successful on the merits for the reasons discussed above.  This Court, however, need not guess at whether Kingston will be successful on its appeals—it can simply wait for the Federal Circuit to make that determination and keep this case stayed pending the appeal.

In short, the fact that SPEX continues to assert the '135 patent against Kingston and not against the other defendants should warrant a separate determination by this Court as to whether the stay in Kingston's case should be

continued as a result of the additional complexities involving this patent.  If any of the pending appeals on the '135 patent or the recently filed appeal on the '802 patent find in favor of Kingston, the scope of any eventual trial will change considerably and indeed may be unnecessary.  Given that SPEX will suffer no prejudice (as noted above) and any additional delay can be adequately addressed with damages, continuation of the stay is additionally appropriate for Kingston for these reasons not present for the other Defendants.

Respectfully submitted,

DATED: May 13, 2019           RUSS, AUGUST & KABAT

                               */s/ Benjamin T.  Wang*
                                Benjamin T. Wang

                              Marc A. Fenster (SBN 181067)
                              Email: mfenster@raklaw.com
                              Benjamin T. Wang (SBN 228712)
                              Email: bwang@raklaw.com
                              Andrew D. Weiss (SBN 232974)
                              Email: aweiss@raklaw.com
                              Paul A. Kroeger (SBN 229074)
                              Email: pkroeger@raklaw.com
                              Jacob R. Buczko (SBN 269408)
                              Email: jbuczko@raklaw.com
                              Justin E. Maio (SBN 304428)
                              Email : jmaio@raklaw.com
                              12424 Wilshire Boulevard, 12 Floor
                              Los Angeles, California 90025
                              Telephone: (310) 826-7474
                              Facsimile: (310) 826-6991

                              *Attorneys for Plaintiff*
                              SPEX TECHNOLOGIES, INC.

RUSS, AUGUST & KABAT

DATED: May 13, 2019

GIBSON, DUNN & CRUTCHER LLP

*/s/    Frank P. Cote*
Frank P. Cote

William C. Rooklidge (SBN 134483)
Email: wrooklidge@gibsondunn.com
Frank P. Cote (SBN 204529)
Email: fcote@gibsondunn.com
Rustin K. Mangum (SBN 280109)
Email: rmangum@gibsondunn.com
Taylor Woolley King (SBN 295272)
Email: twking@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

*Attorneys for Defendants*
WESTERN DIGITAL CORPORATION,
WESTERN DIGITAL TECHNOLOGIES,
INC., and HGST, INC.

DATED: May 13, 2019

MORGAN, LEWIS & BOCKIUS LLP

*/s/    Christopher D. Bright*
Christopher D. Bright

Christopher D. Bright (SBN 206273)
Email:
christopher.bright@morganlewis.com
Soyeon Pak (Karen) Laub (SBN 189118)
Email: karen.laub@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, California 92626
Telephone: (714) 830-0516
Facsimile: (714) 830-0700

*Attorneys for Defendant*
APRICORN, INC.

DATED: May 13, 2019                    FISH & RICHARDSON P.C.

                                       */s/      Oliver J. Richards*
                                       Oliver J. Richards

                                       Garrett K. Sakimae (SBN 288453)
                                       Email: sakimae@fr.com
                                       Joanna M. Fuller (SBN 266406)
                                       Email: jfuller@fr.com
                                       633 West 5th Street, 26th Floor
                                       Los Angeles, California 90071
                                       Telephone: (213) 533-4240
                                       Facsimile: (858) 678-5099

                                       David M. Hoffman (*pro hac vice*)
                                       Email: Hoffman@fr.com
                                       David S. Morris (*pro hac vice*)
                                       Email: dmorris@fr.com
                                       One Congress Plaza
                                       111 Congress Avenue, Suite 810
                                       Austin, Texas 78701
                                       Telephone: (512) 472-5070
                                       Facsimile: (512) 320-8935
                                       Anshul M. Mehra (*pro hac vice*)
                                       Email: mehra@fr.com
                                       1 Marina Park Drive
                                       Boston, Massachusetts 02210
                                       Telephone: (617) 956-6913
                                       Facsimile: (617) 542-8906

                                       Oliver J. Richards (SBN 310972)
                                       Email: orichards@fr.com
                                       12390 El Camino Real
                                       San Diego, California 92130
                                       Telephone: (858) 678-4715
                                       Facsimile: (858) 678-5099

                                       Christine Yang (SBN 102048)
                                       Email: cyang@sjclawpc.com
                                       LAW OFFICE OF S.J. CHRISTINE YANG
                                       17220 Newhope Street, Suite 101-102
                                       Fountain Valley, California 92708

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

Telephone: (714) 641-4022
Facsimile: (714) 641-2082

Victoria D. Hao (*pro hac vice*)
Email: vhao@sjclawpc.com
LAW OFFICE OF S.J. CHRISTINE YANG
5480 Wisconsin Avenue, Suite 222
Chevy Chase, Maryland 20815
Telephone: (202) 600-2940
Facsimile: (888) 240-1095

*Attorneys for Defendants*
KINGSTON TECHNOLOGY
CORPORATION, KINGSTON DIGITAL,
INC., KINGSTON TECHNOLOGY
COMPANY, INC., IMATION
CORPORATION, DATALOCKER INC.,
and DATA LOCKER INTERNATIONAL,
LLC

DATED: May 13, 2019`                    BRACEWELL LLP

                                         */s/    Jared Schuettenhelm*
                                         Jared Schuettenhelm

                                         Douglas F. Stewart (*pro hac vice*)
                                         Email: doug.stewart@bracewell.com
                                         Jared Schuettenhelm (*pro hac vice*)
                                         Email: jared.schuettenhelm@bracewell.com
                                         David J. Ball (*pro hac vice*)
                                         Email: david.ball@bracewell.com
                                         701 Fifth Avenue, Suite 6200
                                         Seattle, Washington 98104
                                         Telephone: (206) 204-6271
                                         Facsimile: (206) 204-6262

                                         Martin I. Pitha (SBN 192447)
                                         Email: mpitha@lp-lawyers.com
                                         2 Park Plaza, Suite 480
                                         Irvine, California 92614
                                         Telephone: (949) 209-9020
                                         Facsimile: (949) 759-1845

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Defendants*
TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC., TOSHIBA
AMERICA INFORMATION SYSTEMS,
INC., TOSHIBA AMERICA, INC., and
TOSHIBA CORPORATION

Russ, August & Kabat

## <u>SIGNATURE ATTESTATION</u>

The undersigned attests that, pursuant to Local Rule 5-4.3.4(a)(2), concurrence in the filing of this document has been obtained from counsel for all other signatories listed, and on whose behalf the filing is submitted, and counsel concur in the filing's content and have authorized the filing.

*/s/ Benjamin T.  Wang*

Benjamin T. Wang

**RUSS, AUGUST & KABAT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 13, 2018.  As such, this document was served on all counsel who have consented to electronic service.

_/s/ Benjamin T. Wang_
Benjamin T. Wang