# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC, <br><br> Defendants. | Case No. 8:16-CV-01790-JVS-AGR <br><br> **CORRECTED SECOND JOINT RULE 26(F) REPORT** <br><br> Scheduling Conference: <br><br> July 1, 2019 at 10:30 a.m. <br><br> Before: The Hon. James V. Selna |
| SPEX TECHNOLOGIES, INC., <br> Plaintiff, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC., <br><br> Defendants. | Case No. 8:16-CV-01799-JVS-AGR |

Russ, August & Kabat

**CORRECTED SECOND JOINT 26(F) REPORT**

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APRICORN, INC., <br><br> Defendant. | Case No. 2:16-CV-07349-JVS-AGR |

**CORRECTED SECOND JOINT 26(F) REPORT**

RUSS, AUGUST & KABAT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's May 17, 2019 Order Setting Rule 26(f) Scheduling Conference, Plaintiff SPEX Technologies, Inc. ("SPEX" or "Plaintiff") and Defendants Western Digital Corporation, Western Digital Technologies, Inc., and HGST, Inc. (together "Western Digital Defendants"), Kingston Technology Corporation, Kingston Digital Inc., and Kingston Technology Company, Inc., (together, "Kingston Defendants"), and Apricorn ("Apricorn") (collectively, "Defendants") ("Plaintiff" and "Defendants" are collectively referred to as the "Parties"), by and through their respective counsel of record, conferred, starting on June 5, 2019, and discussed the various procedural and substantive matters pertinent to the instant litigation and hereby jointly submit this Second Joint Rule 26(f) Report.

## I. SYNOPSIS

Plaintiff's statement: Plaintiff refers to the original Joint 26(f) Report. This is a continuation of a patent litigation action filed on September 28, 2016, and stayed on May 5, 2018 pending *Inter Partes* Review proceedings ("IPRs") started by Defendants. As a result of the IPRs, the PTAB found that claims 1, 2, 6, 7, 11, 12, 23, 24, and 25 of the '802 patent were not unpatentable, and that claims 55, 56, and 57 of the '135 patent were not unpatentable.

Plaintiff believes the stay should not be reinstituted for the same reasons expressed in the Joint Status Report Regarding Termination of *Inter Partes* Review Proceedings and Request for a Status Conference. Defendants' appeals of the PTAB decisions and ruling are unlikely to succeed, and reinstating a stay at this time is not likely to simplify the pending litigations, and is prejudicial to SPEX. Indeed, as illustrated by Kingston's statement below, the litigation has only grown more complex, not less, as a result of the first stay.

With respect to the arguments in Kingston's statement[1] regarding additional claims it intends, Kingston's arguments appear to be the same arguments that were rejected by the PTAB during the now concluded IPR proceedings, and that it is now raising in its three appeal briefs. To the extent that Kingston requests to bring additional counterclaims and/or affirmative defenses, Kingston should file a regularly noticed motion for leave to amend its pleading. Moreover, Kingston has not disclosed to SPEX the additional claims it intends to seek to add to the case, or why Kingston believes that good cause exists for its new claims given the current status of the litigation (*e.g.*, fact and expert discovery having long since closed). Nor has Kingston provided SPEX with a draft amended pleading as is common practice when a party seeks to amend, or at least engages in a meaningful meet and confer process to address that possibility. SPEX's proposed schedule nevertheless accounts for Kingston filing a regularly noticed motion for leave to amend its pleading.

Kingston Statement: This is a patent infringement case brought by SPEX Technologies, Inc. ("SPEX"). SPEX alleges that Kingston Technology Corporation, Kingston Digital, Inc., and Kingston Technology Company, Inc. (together "Kingston") infringe various claims of U.S. Patent Nos. 6,088,802 (the "'802 patent") and U.S. Patent No. 6,003,135 (the "'135 patent") (together "the patents-in-suit"). In its original answer, Kingston denied infringement and asserted affirmative defenses, including (among others) non-infringement of the patents-in-suit and invalidity of the patents-in-suit.

As the Court is aware, the case is currently stayed pending *inter partes* review of the patents-in-suit. Specifically, Kingston challenged the patentability of the asserted claims of the '135 patent before the PTO, resulting in a Final Written Decision by the Patent Trial and Appeal Board finding claim 58 unpatentable but

---

[1] Although the meet and confer regarding this report was begun on June 5, 2019, Kingston withheld its intention to seek to add additional claims until shortly before this report was due. As such, SPEX has not been afforded the opportunity to understand the claims Kingston's intends to bring. SPEX has nonetheless responded to Kingston's new position as best it can given the limited information available.

RUSS, AUGUST & KABAT

2
**CORRECTED SECOND JOINT 26(F) REPORT**

finding claims 55–57 to not have been shown to be unpatentable. Kingston has appealed that decision, and a decision from the United States Court of Appeals for the Federal Circuit can be expected in late 2019 or early 2020. Additionally, Kingston, along with the other defendants in the related cases brought by SPEX, challenged the patentability of the asserted claims of the '802 patent, resulting in a Final Written Decision finding claims 38 and 39 unpatentable but finding claims 1, 2, 6, 7, 11, 12, 23, 24, and 25 of the '802 patent not unpatentable. That decision is also on appeal to the Federal Circuit. Lastly, Kingston sought additional review of the '135 patent by the Patent Office, filing a request to join an IPR brought by the other defendants. The Patent Office denied Kingston's request for joinder, and Kingston has appealed that decision. In an effort to circumvent that appeal, and to preclude further review of the '135 patent by the Patent Office, SPEX settled its claims relating to the '135 patent with the other defendants, leaving Kingston as the only remaining defendant against whom the '135 patent is asserted.

Kingston believes that the stay should remain in place while the appeals from the various IPRs are concluded. As demonstrated above, numerous actions remain pending and their outcomes could impact the validity of every asserted claim in the case. Should the stay be lifted, however, SPEX's schedule should not be granted. Kingston will seek to amend its answer and assert counterclaims which have arisen out of plaintiff SPEX's conduct in pursuing this case and during the Patent Office's review of the patents-in-suit. Specifically, Kingston will assert that SPEX is pursuing this litigation in bad faith in light of admissions made by its expert during deposition and the findings of the Patent Office during the IPRs. Accordingly, Kingston proposes a schedule below to accommodate amended pleadings and additional discovery relating to the counterclaims and additional affirmative defenses it will seek to bring. Moreover, SPEX's proposed schedule is unworkable for Kingston because Joanna Fuller, attorney for Kingston in this matter, has already

paid for overseas travel to Croatia from November 24 through December 4, 2019, making her unavailable during the lead up to SPEX's proposed trial date.

<u>Western Digital and Apricorn Defendants' Statement</u>: Western Digital and Apricorn fully agree with the other Defendants that the stay of this case remain pending the outcome of related appeals and any remand to the PTAB for further IPR proceedings. As explained in the Joint Status Report Regarding Termination of Inter Partes Review Proceedings and Request for a Status Conference, filed in each of the above-captioned cases on May 13, 2019, Defendants request that the Court continue the stay pending resolution of their appeals. As a result of Court's Claim Construction Order and the IPRs, Plaintiff's cases against the Western Digital and Apricorn Defendants have been reduced to only four patent claims (Claims 1, 2, 11, and 12 of the '802 Patent). Although the PTAB did not find Claims 1, 2, 11, and 12 of the '802 Patent to be unpatentable in view of the arguments that it considered, the PTAB declined to consider critical admissions from Plaintiff's experts that were made after the IPR Petition was filed. As Defendants explained in the Joint Status Report, Defendants' respective appeals raise concerns regarding due process, as well as questions regarding the availability of prior art in district court litigation. Consequently, allowing the case to proceed now would greatly increase the likelihood that judicial resources will be wasted on motion practice and trials on issues that either will or should be resolved by the Federal Circuit or the PTAB on remand.

## II. LEGAL ISSUES

The court has already ruled on claim construction. Accordingly, the remaining principal issues are likely to be as follows:

1. Whether Kingston has infringed claims 1, 2, 11, and 12 of the '802 Patent in violation of 35 U.S.C. § 271(a) and claims 55 and 57 of the '135 Patent in violation of 35 U.S.C. §§ 271(a), (b);

2. Whether Western Digital and Apricorn Defendants have infringed claims 1, 2, 11, and 12 of the '802 Patent in violation of 35 U.S.C. § 271(a);

3. Whether the patents-in-suit meet the conditions for patentability and satisfy all of the requirements set forth in the provisions of 35 U.S.C. §§ 101, 102, 103, and 112;

4. If the patent is infringed and valid, the amount, if any, of SPEX's damages under 35 U.S.C. § 284;

5. Whether attorneys' fees, costs, or expenses are recoverable under 35 U.S.C. §§ 284 and/or 285; and

6. Whether SPEX has complied with 35 U.S.C. § 287(a).

Kingston Matter Only:

Kingston also notes that additional issues will require resolution should the Court grant Kingston leave to amend its pleadings, as discussed above. SPEX disagrees that Kingston's additional issues are appropriate.

## III. DAMAGES

Plaintiff's statement: SPEX has served an expert report regarding damages in each case. The reports are based on Defendants' confidential information and cannot be publicly filed. SPEX disagrees that Defendants are entitled to attorney's fees, costs, and expenses. SPEX further disagrees that Kingston is entitled to any "additional damages" for its as yet unstated additional claims.

Defendants' statement: Defendants deny that SPEX is entitled to any damages in this case. Defendants have served expert reports regarding damages; however as these reports are based on Defendants' confidential information, they cannot be publicly filed. Defendants also assert that they are entitled to reasonable attorney's fees, costs, and expenses in this case. As the case is ongoing, Defendants cannot provide the anticipated range of such fees and costs.

Kingston's additional statement: Kingston fully joins with the statement set forth by defendants forth above. In addition, Kingston will be seeking additional

damages should the Court grant leave for Kingston to amend its answer to assert counterclaims.

## IV. INSURANCE

The Parties are unaware of any insurance coverage relating to the subject matter of this litigation.

## V. MOTIONS TO ADD PARTIES, AMEND PLEADINGS OR TRANSFER VENUE

Other than as stated herein, there will be no such motions.

## VI. DISCOVERY PLAN

Other than the Toshiba case, discovery is complete, and the parties do not expect to take additional discovery in the Western Digital or Apricorn cases.

With respect to the Toshiba case, SPEX and Toshiba request that the Court not alter the limits originally adopted prior to the stay. SPEX and Toshiba propose that the Court adopt the schedule regarding expert discovery as filed in the Toshiba case.

<u>Kingston Matter Only</u>: Should another stay not be ordered, as noted above, Kingston will seek leave to amend its answer to assert counterclaims and additional affirmative defenses arising from SPEX's conduct relating to prosecuting this case and its actions during the *inter partes* reviews. Kingston expects that additional discovery will be needed on the following topics:

- SPEX's knowledge of the determinations of the Patent Trial and Appeal Board;
- SPEX's beliefs concerning the validity of the claims it continues to assert in this litigation;
- SPEX's knowledge concerning statements made by its expert in deposition;
- SPEX's knowledge of the content of its technical expert reports concerning infringement and validity;

- SPEX's understanding of the scope of the claims of the '135 and '802 patents;
- SPEX's attempts to monopolize the market for hardware-encrypted storage;
- The validity of the remaining asserted claims.

Kingston does not expect there to be a need for additional written discovery. Kingston does, however, anticipate one additional 30(b)(6) deposition of a SPEX witness will be required, along with additional expert reports and expert depositions, solely to address the counterclaims and additional affirmative defenses raised by Kingston.

As SPEX has been left to speculate as to the basis and scope of Kingston's proposed untimely new claims, SPEX cannot determine the discovery it may require to respond to any additional claims. Nevertheless, Kingston appears to intend to greatly expand this case to address, for instance, "monopolizing the market for hardware-encrypted storage," SPEX expects that it may be required to serve additional written discovery, including potential third party discovery to competitors in the hardware-encrypted storage market, take multiple fact depositions, and engage in new expert discovery. SPEX further notes that the additional discovery identified by Kingston is likely to trigger motion practice as Kingston's proposed discovery topics seek discovery of privileged information, such as discussions between counsel and SPEX regarding infringement and validity during the litigation and the IPR proceedings.

## VII. DISPOSITIVE MOTIONS

Plaintiff's Position: SPEX anticipates it may file multiple motions for summary judgment or adjudication regarding discrete issues regarding Defendants' affirmative defenses and counterclaims, including but not limited to Defendants' invalidity affirmative defenses, estoppel as a result of the IPRs, and other defenses

and claims. SPEX anticipates that it will file motions *in limine* but does not yet know what the topics will be.

<u>Defendants' Position</u>: Defendants anticipate that they may file multiple motions for summary judgment and/or partial summary judgment, including (without limitation) seeking judgment that certain asserted claims are not infringed and/or are invalid as a matter of law. Defendants will additionally file motions *in limine*, but do not yet know what the topics of those motions will be.

<u>Western Digital and Apricorn Defendants' Position</u>: Western Digital and Apricorn agree with the Defendants' Position stated above. They anticipate filing motions for summary judgment of noninfringement on multiple grounds of the remaining patent claims asserted against them – means-plus-function claims 1, 2, 11 and 12 of the '802 patent. If granted, these motions would be case dispositive as to the Western Digital and Apricorn cases.

## VIII. <u>STATEMENT REGARDING SETTLEMENT DISCUSSIONS</u>

The Parties have had settlement discussions, including mediation for some of the litigation, but have not been successful in settling each currently pending case. Any remaining mediations will be scheduled in accordance with the Court's Local Rules.

## IX. <u>TRIAL</u>

The Parties request a jury trial on issues to which a party is entitled to a jury.

<u>Plaintiff's statement</u>: SPEX expects to call between 4 and 8 witnesses at each trial and expects each trial will last five to seven days.

<u>Western Digital Defendants' statement</u>: The Western Digital Defendants estimate that trial will be seven days and expect to call between 8 and 12 witnesses in their individual trial.

<u>Kingston's Defendants' statement</u>: The Kingston Defendants expect to call between 4 and 8 witnesses in their individual trial.

<u>Apricorn's statement</u>: Defendant Apricorn estimates that trial will be six to seven days and expects to call between 6 and 9 witnesses in its individual trial.

## X.   TIMETABLE

<u>Plaintiff's Proposal:</u>

For the Western Digital and Apricorn matters, Plaintiff proposes the schedule in Exhibit A, which accounts for counsel's availability as well as the year-end holidays. Additionally, in light of the current status of the case, Plaintiff proposes the following extended briefing schedule for the motions for summary judgment to allow the parties additional time to respond.

| File Motions for Full or Partial Summary Judgment | 8/9/19 |
| --- | --- |
| File Oppositions to Motions for Full or Partial Summary Judgment | 9/6/19 |
| File Replies to Motions for Full or Partial Summary Judgment | 9/20/19 |

For the Kingston case, Plaintiff proposes that Kingston file a regularly-noticed motion to address its intended amendments to its Answer. If the motion is denied, the Kingston case can proceed along the same motion for summary judgment and trial schedule to be entered in the Toshiba case. If the motion is granted, the parties can negotiate a new schedule to address the additional discovery necessary to address Kingston's new claims. As addressed above, given the limited information currently available to Plaintiff, it cannot propose a schedule to accommodate Kingston's potential new claims.

<u>Kingston Position</u>: As Kingston will seek leave to amend its answer so as to bring counterclaims and additional defenses, Kingston cannot agree to the dates set forth above by Plaintiffs. Kingston also notes that Joanna Fuller, attorney for Kingston in this matter, has already paid for overseas travel to Croatia from November 24 through December 4, 2019, making her unavailable during the lead up

to SPEX's proposed trial date. Therefore, Kingston proposes the schedule as stated in Exhibit B.

<u>Western Digital and Apricorn Defendants' Position</u>: Western Digital and Apricorn Defendants consent to the schedule proposed by Kingston as stated in Exhibit B. Alternatively, Western Digital and Apricorn Defendants propose the alternative schedule attached as Exhibit A. This proposal adjusts Plaintiff's proposal in view of a trial Western Digital's counsel have in October and in view of the November and December holidays.

## XI. OTHER ISSUES

Other than the disclosures in the original Joint 26(f) Report, the Parties do not have any further issues to disclose.

## XII. CONFLICTS

<u>Plaintiff</u>: SPEX does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

<u>Western Digital Defendants</u>: The Western Digital Defendants identify the following parties:

- <u>Western Digital Corporation</u>: A named defendant and publicly held company having no parent corporation or other publicly held corporation owning more than 10% of its stock.
- <u>Western Digital Technologies, Inc.</u>: A named defendant and wholly owned subsidiary of Western Digital Corporation.
- <u>HGST, Inc.</u>: A named defendant and wholly owned subsidiary of Western Digital Technologies, Inc.

<u>Kingston Defendants</u>: Kingston Digital, Inc., and Kingston Technology Company, Inc. are wholly owned subsidiaries of Kingston Technology Corporation, which is a privately held corporation. No public corporation owns 10% or more of Kingston Technology Corporation.

Apricorn: Apricorn has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

### XIII. PATENT CASES

The Court has already conducted the claim construction hearing and issued its claim construction order.

### XIV. MAGISTRATES

The Parties do not consent to proceeding in front of a magistrate.

Dated: June 26, 2019

Respectfully submitted,

**RUSS AUGUST & KABAT**

By: /s/ Paul A. Kroeger
Paul A. Kroeger

Marc A. Fenster (CA SBN 181067)
Benjamin T. Wang (CA SBN 228712)
Andrew D. Weiss (CA SBN 232974)
Paul A. Kroeger (CA SBN 229074)
Jacob R. Buczko (CA SBN 269408)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel: (310) 826-7474
Fax: (310) 826-6991
Email: mfenster@raklaw.com
Email: bwang@raklaw.com
Email: aweiss@raklaw.com
Email: pkroeger@raklaw.com
Email: jbuczko@raklaw.com

*Attorneys for Plaintiff*
SPEX Technologies, Inc.

Dated: June 26, 2019

**GIBSON DUNN & CRUTCHER**

By: /s/ Frank P. Coté (*by permission*)
Frank P. Coté

William C. Rooklidge, SBN 134483
wrooklidge@gibsondunn.com
FRANK P. COTÉ, SBN 204529
fcote@gibsondunn.com

11
**CORRECTED SECOND JOINT 26(F) REPORT**

RUSTIN K. MANGUM, SBN 280109
rmangum@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

*Attorneys for Defendants*
WESTERN DIGITAL CORPORATION,
WESTERN DIGITAL TECHNOLOGIES,
INC., and HGST, INC.

Dated: June 26, 2019 **FISH & RICHARDSON P.C.**

By: /s/ David Hoffman (*by permission*)
David Hoffman (*pro hac vice*)
hoffman@fr.com
FISH & RICHARDSON P.C.
One Congress Plaza
111 Congress Ave., Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Garrett K. Sakimae (SBN 288453)
sakimae@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street 31st Floor
Los Angeles, CA 90013
Tel: (213) 533-4240
Fax: (858) 678-5099

Christine Yang (SBN 102048)
cyang@sjclawpc.com
Law Office of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708
Tel.: (714) 641-4022
Fax: (714) 641-2082

RUSS, AUGUST & KABAT

**CORRECTED SECOND JOINT 26(F) REPORT**

|   |   |
|---|---|
|   | *Attorneys for Defendants*<br>KINGSTON TECHNOLOGY CORPORATION,<br>KINGSTON DIGITAL, INC., AND<br>KINGSTON TECHNOLOGY COMPANY, INC. |
| Dated:   June 26, 2019 | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>By:   <u>/s/ Christopher D. Bright *(by permission*</u><br>Christopher D. Bright (SBN 206273)<br>christopher.bright@morganlewis.com<br>600 Anton Blvd., Ste. 1800<br>Costa Mesa, CA 92626<br>Phone: (714) 830-0600<br>Facsimile: (714) 830-0700<br><br>*Attorneys for Defendant/Counterclaimant*<br>APRICORN |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV- 5-3.2.1. As such, this document was served on all counsel who have consented to electronic service on the date of filing.

DATED: June 26, 2019        By:     */s/ Paul A. Kroeger*

13
**CORRECTED SECOND JOINT 26(F) REPORT**