UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | | Date | September 24, 2019 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | | |

Present: The
Honorable
**James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS]  <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>for</u> <u>Leave</u> <u>to</u> <u>Amend</u> <u>Answer</u>**

Defendant and Counter-Claimant Kingston Technology Corporation ("Kingston") moved for leave to amend its answer to add an affirmative defense of patent misuse and antitrust counterclaims.  Mot., Docket No. 172.  Plaintiff and Counter-Defendant Spex Technologies, Inc. ("Spex") opposed.  Opp'n, Docket No. 174.  Kingston replied.  Reply, Docket No. 175.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This is a dispute over patents involving portable USB memory devices. On September 27, 2016, Spex brought a complaint alleging that Kingston has infringed two of its patents, U.S. Patent Nos. 6,088,802 (the "802 patent"), entitled "Peripheral Device With Integrated Security Functionality," and 6,003,135 (the "135 patent"), entitled "Modular Security Device."  Complaint, Docket No. 1.

On December 7, 2016, Kingston filed an Answer.  (Docket No. 57.)

On May 16, 2018, this Court stayed the case in light of the Patent Trial and Appeal Board's ("PTAB") decision to institute *inter partes* review proceedings to review Spex's patents.  Docket No. 157.

On January 11, 2019, Spex entered into a settlement agreement with the PTAB petitioners where Spex would cease pursuing its infringement allegations against them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 16-1790 JVS (AGRx)                Date    September 24, 2019

Title    Spex Technologies, Inc. v. Kingston Technology Corporation

concerning the '135 patent in return for them requesting that the *inter partes* review be terminated. Docket No. 172-2, Appendix B.

On April 18, 2019, the PTAB found that claims 38 and 39 of the '802 patent were unpatentable as obvious over two prior art references: U.S. Patent No. 5,887,145 to Harari ("Harari") and a book describing the architecture for PCMCIA in various combination with Don Anderson, PCMCIA System Architecture 16-Bit PC Cards, Second Edition, 1995 ("Anderson"). See Final Written Decision, Paper 40, Western Digital Corp. et al. v. SPEX Technologies, Inc., IPR2018-00082.

At the scheduling conference on August 1, 2019, the Court lifted the stay and set March 16, 2020 as the law and motion cut off, February 3, 2020, as the cut off for expert discovery and discovery, and set the jury trial for April 28, 2020.  Docket No. 168.

On August 1, 2019, Kingston filed a motion seeking leave to amend its answer to add an affirmative defense of patent misuse and counterclaims involving alleged antitrust violations.  Docket No. 172-3, Ex. B.

## II. LEGAL STANDARD

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint.  Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The consideration of prejudice to the opposing party "carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Although there is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-1790 JVS (AGRx)                Date   September 24, 2019

Title   Spex Technologies, Inc. v. Kingston Technology Corporation

general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

## III. DISCUSSION

Kingston argues that it seeks to amend its answer to add an additional defense and counterclaims based on actions Spex took during the *inter partes* review. Mot. at 4. Spex "negotiated a settlement as to all claims related to the '135 patent," including the then-pending *inter partes* review, which is the factual basis for Kingston's new proposed claims. See Opp'n at 5.

### A.      Futility of Amendment

"An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017). While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, see Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend. SAES Getters S.p.A v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (internal citation omitted).

### 1.      Estoppel

The main dispute between the parties concerns whether Kingston's proposed new counterclaims and affirmative defense would be futile because Kingston is estopped from asserting that claims 55 and 57 of the '135 patent are invalid.

Spex's key objection to amendment is that "Kingston is estopped by statute from asserting that claims 55 and 57 of the '135 patent are invalid over the combination of Harari, Anderson and Jones prior art references." Opp'n at 6. Spex argues that a "predicate" to Kingston's assertion that the Spex knows claims 55 and 57 of the '135 patent are invalid is that the patents are, in fact, invalid. Id. at 7. But, Kingston "knew

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | September 24, 2019 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

about" these prior art references prior to filing its *inter partes* review petitions, which resulted in the PTAB finding that claims 55 and 57 not unpatentable. Id. at 10. According to Spex, because Kingston "raised or reasonably could have raised" these references in those proceedings, it may not that these claims are invalid in this action. See 35 U.S.C. § 315(e)(2).

In response, Kingston argues that it "is not asserting that SPEX knows these claims are invalid over a combination of Harari, Anderson, **and Jones**." Reply at 4, emphasis in original. Instead, Kingston asserts "SPEX knows claims 55 and 57 of the '135 patent are invalid over Harari and Anderson because nearly-identical claims from the '802 patent were found obvious by the PTAB over these two references—a decision with SPEX has not attempted to appeal." Id.

As for Spex's estoppel argument, Kingston argues that it "is not affirmatively seeking to prove that claims 55 and 57 are invalid over Harari and Anderson," with its proposed amendments and counterclaims. Reply at 8. Kingston "intends to present an invalidity case based on entirely different system art," and asserts that Spex is "improperly conflat[ing] seeking a judgment of invalidity with seeking a judgment for damages and an injunction based on anti-competitive behavior." Id.

Kingston asserts that "[c]laims 55 and 57 of the '135 patent are nearly identical to claims 38 and 39 of the '802 patent," and that "even Spex's own infringement expert said the common elements were the same in his expert report." Id. at 4. Thus, Kingston argues, there is a "fact issue regarding Spex's understanding as to the scope of claims 55 and 57 of the '135 patent as compared to the nearly-identical previously-adjudicated invalid claims, both now and at the time it entered into the illegal reverse settlement with the other defendants." Id. at 4-5. Kingston claims "it is immaterial that there has been no adjudication of invalidity regarding these claims," and that its request to amend relates to "Spex's actions to short-circuit the process that it knew would have resulted in a determination of invalidity, and its continued assertion of claims Spex knows rightfully should have been found invalid." Id. at 7.

Kingston argues that "SPEX cites no authority for [the proposition that Kingston is barred from bringing its antitrust claims because the invalidity of claims 55 and 57 is a 'predicate fact' Kingston is required to prove], nor is the invalidity of the claims an element of any of the counterclaims raised by Kingston. And, though Kingston believes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | | Date | September 24, 2019 |

| | |
|---|---|
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation |

that SPEX did believe that its claims would be found invalid, this case does not turn on whether the claims are actually invalid. Rather, the case turns on SPEX's knowledge and actions." Id. at 9.

In Kingston's proposed additional counter-claims, it alleges that Spex's "belief that these claims are invalid is objectively unreasonable." (Docket No. 172-3, Counterclaims, ¶ 29; see also id., ¶ 49.)

At oral argument, Spex argued at length that Kingston had not met the requirements under Professional Real Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 60-61 (1993), and its progeny to prove both the invalidity of a patent and the litigant's subjective knowledge of the invalidity in order to make out a "sham" litigation antitrust claim. Spex did not cite this line of cases in its Opposition, and despite the explanation offered at oral argument, there was nothing in Kingston's Reply that triggered recitation of these cases. In any event, a fair reading of paragraphs 29 and 49 of the Counterclaims would cause one to draw the conclusion that Kingston is asserting invalidity in fact based on the similarity to invalid claims in the '802 patent and that Spex was subjectively aware of the invalidity.

## 2.    Sherman Act

To state a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1, a plaintiff must plead facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition. Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008).

First, Kingston alleges that Spex "entered into a 'reverse settlement' with the PTAB petitioners to circumvent a PTAB hearing that claims 55 and 57 of the '135 patent would be invalidated," for which Spex received no remuneration. Ex. A, Docket No. 172-2, Counter-Claims, ¶ 30.

Second, Kingston alleges that Spex entered into this settlement to allow it to continue to assert, against Kingston, claims that SPEX knows are invalid. Id. ¶¶ 22–28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-1790 JVS (AGRx)                    Date   September 24, 2019

Title   Spex Technologies, Inc. v. Kingston Technology Corporation

Kingston's allegations are supported by the Ninth Circuit's reasoning in Handgards, Inc. V. Ethicon, Inc., 601 F.2d 986, 993 (1979) where the court held that "infringement actions initiated and conducted in bad faith contribute nothing to the furtherance of the policies of either the patent law or the antitrust law."

Kingston also cites F.T.C. v. Actavis, Inc., 570 U.S. 136, 141 (2013), where the Supreme Court held that a "reverse payment" settlement agreement may constitute an illegal agreement in restraint of trade. Such agreements may "bring[] about anticompetitive effects." See id. at 159.

Third, Kingston alleges that Spex's settlement harmed the market because it "enable[s] SPEX to force the majority of secure portable USB memory device suppliers to suffer a significant price burden, causing price increases." Counter-Claims ¶ 40.

Finally, Kingston alleges that it has suffered damage in the form of the costs involved in defending against infringement allegations. Id. ¶¶ 32-33.

Spex argues that Kingston has not alleged facts to demonstrate that it "engaged in concerted activity to restrain trade," because Kingston does not allege that the other parties to the agreement – Western Digital, Apricorn, or Toshiba – also had an intent to restrain trade. Opp'n at 12.

But, Kingston "need not prove intent to control prices or destroy competition to demonstrate" the first element of its Section 1 claim. Paladin Associates, Inc. v. Montana Power Co, 328 F.3d 1145, 1153 (9th Cir. 2003). Instead, "it is sufficient" for Kingston to allege that Spex, along with the other parties, signed an agreement "assigning certain contract rights." Id.

Spex also argues that Kingston has only alleged harm to Kingston, as opposed to the market, but Kingston pleads harm to the market via increased costs for consumers. Docket No. 172–2, Counter-Claims ¶¶ 14–15, 18.)

The Court finds that Kingston has alleged sufficiently plausible facts to support its Sherman Act cause of action. Kingston alleges more than unilateral action on Spex's part, based upon the agreement the latter entered into with the other parties. The Court grants it leave to amend its Answer to add this counter-claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | September 24, 2019 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

### 3.      Cartwright Act

The Cartwright Act prohibits trusts, which the statute defines as "combination[s] of capital, skill or acts by two or more persons" including "[t]o create or carry out restrictions in trade or commerce."  Cal. Bus. & Prof. Code § 16720.

"Cases decided under the Sherman Act are applicable to interpreting the Cartwright Act" because "the analysis under California's antitrust law mirrors the analysis under federal law."  Stanislaus Food Prod. Co. v. USS-POSCO Indus., 782 F. Supp. 2d 1059, 1079 (E.D. Cal. 2011).

Spex argues that Kingston has not sufficiently alleged a conspiracy that would support this cause of action.  This Court believes that the reasoning supporting its grant of leave to Kingston to add its Sherman Act claim is applicable to this claim, as well.

### 4.      Patent Misuse

"The defense of patent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or coerce an unfair commercial advantage."  Mallinckrodt Inc. v. Medipart, Inc., 976 F.2d 700, 703-704 (Fed. Cir. 1992).  "Patent misuse relates primarily to a patentee's action that affect competition in unpatented goods or that otherwise extend economic effect beyond the scope of the patent grant."  Id.  Patent misuse requires "that the alleged infringer show that the patentee has impermissibly broadened the 'physical or temporal' scope of the patent grant with anticompetitive effect."  Windsurfing Int'l. Inc. C. AMF, Inc., 782 F.2d. 995, 1001 (Fed. Cir. 1986) (citation omitted).  "Patent misuse is viewed as a broader wrong than antitrust violation because of the economic power that may be derived from the patentee's right to exclude."  C.R. Bard v. M3 Systems, 157 F.3d 1340, 1372 (Fed Cir. 1998). Accordingly, "misuse may arise when the conditions of antitrust violation are not met."  Id.

Spex argues that Kingston's proposed counterclaim and affirmative defense of patent misuse should be denied because the latter has not alleged facts plausibly showing that Spex knows claims 55 and 57 of the '135 patent are invalid.  Opp'n at 20.  According to Spex, "speculation concerning Spex's knowledge, based on a non-precedential institution decision and a never-before-asserted prior art combination" are insufficient to support this counterclaim and defense.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | September 24, 2019 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

The Court finds that Kingston has alleged sufficient facts to add this claim and defense. Kingston points to conduct by Spex that could support the misuse claim, namely, the latter's maintenance of "allegations of infringement of claims 55 and 57 of the '135 patent, knowing these claims to be invalid."  Docket No. 172-2, Counter-Claims ¶ 49. The knowledge aspect of this claim is supported by plausible allegations regarding Spex's conduct when faced with the *inter partes* review.  Id. ¶¶ 21, 26-27.

> 5.      California Unfair Practices Laws

California Business and Professions Code § 17200, California's unfair competition law, prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" California Business and Professions Code § § 17500 to 17594.  See Cal. Bus. & Prof. Code § 17200. Under the statute, there are types of unfair competition: practices which are unlawful, unfair, or fraudulent. In re Tobacco Cases II, 207 P.3d 20, 29 (Cal.  2009).  "The section was intentionally framed in ... broad, sweeping language" in order to allow courts "to enjoin on-going wrongful business conduct in whatever context such activity might occur."  Cel-Tech Commc'ns, Inc., et al. v. L.A. Cellular Tel. Co., 973 P.2d 527, 540 (Cal. 1999).

The Court has found that Kingston has sufficiently pled facts to support its Sherman and Cartwright counterclaims.  This counterclaim is supported by the same facts as those causes of action.

**B.     Prejudice**

Permitting a party to amend a pleading to add new claims may unduly prejudice the other party where the new claims have the effect of "greatly altere[ing] the nature of the litigation," and require "[the opposing party] to have undertaken, at a late hour, an entirely new course of defense."  Morongo Band of Mission Indians, 893 F.2d at 1079. The Ninth Circuit has found undue prejudice where amendment would raise different legal theories and require proof of different facts such that additional discovery would have to be undertaken.  See DCD Programs, Ltd. v. Leighton, Jackson, 902 F.2d at 1387–88.

Kingston argues that Spex "has months to explore and gather evidence to defend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-1790 JVS (AGRx)                    Date   September 24, 2019

Title   Spex Technologies, Inc. v. Kingston Technology Corporation

itself against the counterclaims and to combat Kingston's patent misuses defense." Mot. at 16.

Spex argues that Kingston's proposed amendments would force it to relitigate the validity of claims 55 and 57, "in direct contravention of the Section 315 estoppel statute and the underlying purpose of the IPR proceedings." Opp'n at 21. Spex suggests discovery would be costly and time-consuming and likely involve resistance from third parties. Id. at 22. And, trial with the new defense and counterclaims would be lengthy, costly, and complex. Id. at 23.

The Court finds that Spex would not suffer undue prejudice, given the length of time left in discovery.

**C.     Good Faith**

Kingston argues that the amendments it proposes "will not delay trial or any other aspect of the case." Mot. at 7. It proposed a schedule "for a very limited re-opening of discovery solely on the additional defense and counterclaims." Id. at 8. Thus, it argues, it is not seeking these amendments for an improper purpose. Id.

Spex frames Kingston's motion as "a collateral attack on the decisions of the Federal Circuit and PTAB finding that it is estopped from challenging the validity of claims 55 and 57 of the '135 patent based on the combination of Harari, Anderson, and Jones." Opp'n at 24. Spex asks the Court to prevent Kingston from making "an end-run around these decisions . . . under the guise of antitrust and patent misuse." Id.

The Court finds that there is no evidence of improper purpose here sufficient to deny leave to amend.

**D.     Timeliness**

Kingston argues that the "facts underlying the claims arose during the stay," and that "[i]t was only during the stay that Spex circumvented PTO review of claims 55 and 57 of the '135 patent by entering into a non-monetary settlement with Western Digital

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1790 JVS (AGRx) | Date | September 24, 2019 |
|---|---|---|---|

| Title | Spex Technologies, Inc. v. Kingston Technology Corporation |
|---|---|

and the other parties that brought the IPR." Mot. at 7. And, Kingston notes that it filed its motion by the deadline set at the parties' Rule 26(f) conference – August 1, 2019. Id. Thus, Kingston argues, there has been no undue delay.

Spex does not contest the timeliness of Kingston's motion.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |