*[SEE SIGNATURE BLOCK FOR COUNSEL INFORMATION]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC, <br><br> Defendants. | Case No. 8:16-CV-01790-JVS-AGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., AND KINGSTON TECHNOLOGY COMPANY, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Honorable Judge James V. Selna <br><br> Date: February 24, 2020 <br> Time: 1:30 p.m. <br> Courtroom: Santa Ana, 10C |

## INTRODUCTION

Out of an abundance of caution, Kingston moves this Court for leave to supplement its invalidity contentions in light of SPEX's new admissions regarding the scope and contention of the prior art.

Kingston moves to supplement based on SPEX's recent admissions that the majority of the elements in these claims are "invalid" and thus Kingston believes shoud not be entitled to patentable weight. These admissions came in the context of new admissions by SPEX that claims 38 and 39 of the related '802 patent are invalid and these claims are identical in scope to elements of asserted claims 55 and 57. While Kingston has believed this to be the case (and has argued it), SPEX itself had not previously conceded these claim elements were invalid until now. SPEX's new admissions confirming that elements of its claims are invalid is the proper subject of expert testimony on invalidity, and as these admissions just occurred, leave to amend is appropriate.

## BACKGROUND & THE NEW ADMISSIONS

In this case, SPEX asserts two patents against Kingston: U.S. Patent Nos. 6,003,135 ("'135 patent") and 6,088,802 ("'802 patent"). Kingston hereby seeks to supplement its invalidity contentions for claims 55 and 57 of the '135 patent only.

On December 19, 2019, Kingston conducted a 30(b)(6) deposition of Mr. Thomas Hakel, the corporate representative for SPEX. Ex. B (Hakel Dep.), 16:2-4 (confirming that the testimony was given on behalf of SPEX). During that deposition, which was directed toward the patent misuse counterclaims, SPEX unexpectedly and for the first time admitted that it believes that claims 38 and 39 of the '802 patent are invalid. Ex. B (Hakel Dep.), 31:3-5. SPEX then went on to admit that these invalid claims map on to all but one common element of claims 55 and 57 of the '135 patent— the "operably connecting" limitation of elements 55c and 55d.

1  For example, SPEX admitted that the only substantive difference between the
2  preamble of claim 38 and the preamble of claim 55 is the reference to a modular
3  device instead of a peripheral device, which the Court has already recognized is a
4  distinction without a difference. *See, e.g., id.* 44:13-45:7 (Q: "Are there any
5  substantive differences between the preamble of claim 38 and the preamble of claim
6  35 [sic] ... A: ... outside of the peripheral and modular [terms], that is the major
7  difference between the preamble in the two. I would concur. Q. Are there any other
8  substantive differences between the two? A: ... I do not see any material major
9  differences between the two."); Dkt. 122, Court's Claim Construction Order, 16
10 (holding that "[t]he Court construes 'modular device' consistent with 'peripheral
11 device'").

12 SPEX also admitted that element 55a was known in the prior art in light of its
13 substantive similarity to element 38a of the '802 patent—that again the only
14 difference between the elements is the reference to a modular device instead of a
15 peripheral device. *See, e.g.*, Ex. B (Hakel Dep.), 45:19-46:3 ("Q: Does SPEX believe
16 there are any substantive differences between elements 38A from the '802 patent and
17 element 55A from the '135 patent? ... A: The difference, again, references peripheral
18 [versus] modular. Other than that, there are no other differences."). In addition, SPEX
19 admitted that it would rely on SPEX's expert's opinion that element 55a of the '135
20 patent was the same as element 38a of the '802 patent. Ex. B (Hakel Dep.), 52:8-53:10
21 ("Q: [Dr. Rhyne] says, quote, 'This element' – referring to element 55A. It says,
22 quote, 'This element is the same as element 38A of claim 38 of the '802 patent. ...
23 Does SPEX agree with this statement? ... A: ... I'd have to rely on what Dr. Rhyne
24 says."); Dkt. 122, Court's Claim Construction Order, 16 (holding that "[t]he Court
25 construes 'modular device' consistent with 'peripheral device'"); Ex. C (Dr. Rhyne's
26 Infringement Report), ¶ 178 (recognizing the same); *see also* Ex. B (Hakel Dep.),
27 31:3-4 (admitting that claim 38 is invalid).
28

1    Finally, SPEX admitted that element 55b was known in the prior art in light of
2  its substantive similarity to element 38b of the '802 patent. SPEX admitted it would
3  rely on its expert's opinion that element 55b of the '135 patent is the same as element
4  38b of the '802 patent. Ex. B (Hakel Dep.), 46:8-16 ("Q. Does SPEX believe there
5  are any substantive differences between element 38B of the '802 patent and element
6  55B of the '135 patent? THE DEPONENT: I think, again, they speak for themselves;
7  and would rely on experts to interpret it."). And Dr. Rhyne relied on the similarities
8  between element 55b of the '135 patent and element 38b of the '802 patent to
9  conclude that Kingston's accused products infringed element 38b of the '135 patent.
10 Ex. C (Dr. Rhyne's Infringement Report), ¶ 180 (stating "[t]his [55b] claim language
11 is very similar to the language of Element 38b ... I therefore refer to and incorporate
12 by reference my opinion with respect to Element 38b")).
13   Similar admissions as to the invalidity of claim 57 of the '135 patent are found
14 in Exhibit A, Kingston's proposed supplemental contentions, including the invalidity
15 charts attached thereto (labeled as Exhibits A14 and A15).
16   All of these admissions are relevant under Kingston's existing invalidity
17 positions as party admissions further supporting Kingston's expert's conclusions.  Out
18 of an abundance of caution, Kingston hereby seeks leave to supplement its invalidity
19 contentions to include these new admissions made by SPEX's 30(b)(6) witness in
20 three ways: (1) in a new chart along with the (previously disclosed and charted)
21 admitted prior art in the '135 patent (the "'135 APA"); (2) in a new chart along with
22 the (previously disclosed and charted) '135 APA and the (previously disclosed and
23 charted) Fortezza Cryptologic Card prior art system ("Fortezza Crypto Card"); and
24 (3) as part of Kingston's existing invalidity contention in regard to pre-AIA 35 U.S.C.
25 § 102(f) (regarding deviation of invention from another). To be clear, all of the
26 references in these charts to the Fortezza Crypto Card, the '135 APA were previously
27 provided verbatim to SPEX on March 12, 2018, as parts of Exhibits A10 and A13 of
28

Defendants' Amended Joint Invalidity Contentions. The only additional information in the new claim charts and cover pleading are references to the 30(b)(6) admissions from December 2019. Attached as Exhibit A is the proposed supplemental invalidity cover pleading and two new charts, as described above.

## LEGAL STANDARD

Under N.D. Cal. Patent Rule 3-6, parties may amend their invalidity contentions "upon a timely showing of good cause." Patent L.R. 3-6.; *see Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465323, at *4 (C.D. Cal. Nov. 1, 2010) (Selna, J.) (finding that good cause under Rule 3-6 existed to allow amendment). To show good cause, a party must show diligence, and the court considers lack of prejudice. *Broadcom*, 2010 WL 11465323, at *3 (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). And "even if a movant was arguably not diligent, a court retains discretion to grant leave to amend." *Dobeck v. Cobra Eng'g, Inc.*, 2017 WL 8186769, at *2 (C.D. Cal. Apr. 12, 2017) (Selna, J.) (internal alterations incorporated and quotations omitted) (granting leave to amend). This proposition applies to amending both infringement and invalidity contentions. *E.g., Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (granting leave to amend invalidity contentions even without a showing of diligence).

## ARGUMENT

**I.    There is good cause for this amendment and Kingston acted diligently**

Kingston's proposed supplement adds reference to SPEX's new admissions with regard to the prior art in combination with '135 APA and/or Fortezza Crypto Card. There is good cause for this amendment, as it goes to an important and disputed issue in the case (patent invalidity), narrows the disputed issues, is information that was within SPEX's control, and is information that Kingston did not have until December 19, 2019.

Mr. Hakel was deposed once earlier in the case, and in that deposition, Mr. Hakel indicated that he believed that both patents were valid. Ex. D (Hakel Dep. (Jan. 31, 2018)), 243:22-245:2 ("We've received, obviously, the approval to move forward with [our infringment cases], which we interpret as a validation of the IP."). Mr. Hakel's new admissions that claims 38 and 39 are invalid—which is a change in position—radically narrows the scope of the validity case—***leaving only a single element in each of claims 55 and 57 in dispute***. As these single remaining limitations, (elements 55c and 57d) are disclosed—as previously contended—by '135 APA and/or the Fortezza Crypto Card, which uses and discloses the PCMCIA standard. Kingston's new Exhibits A14 and A15 chart how these admissions, in combination with '135 APA and/or the previously-charted Fortezza Crypto Card prior art system, show the invalidity of theasserted claims.

As this new ground is based on admissions from plaintiff SPEX that only recently occurred, Kingston could not bring this motion earlier. Kingston has been both diligent in discovering the basis for amendment and diligent in seeking amendment once the basis for amendment was discovered. Kingston deposed Mr. Hakel on December 19, 2019, which was the earliest possible time that the parties could agree to.

Once Kingston discovered this new ground, it acted diligently. Kingston conferred with SPEX on this motion on January 14, 2020. And Kingston submitted this motion less than a month after SPEX's deposition, a period of time which included both the Christmas and New Year holidays. In addition, Kingston provided notice of its intent to amend on these grounds on January 10, 2020, just over three weeks after Mr. Hakel's deposition. *See Karl Stroz*, 2016 WL 2855260, at *7 (collecting cases holding that "mere notice, short of an actual motion, can be sufficient for diligence" and finding diligence when the defendant served notice "in writing of its intent to amend its contentions ... within two months of discovering them").

Further, Kingston sought this amendment within the time frame set for opening expert reports (due January 20, 2020), which affords SPEX a full opportunity to respond to these contentions in its own expert reports (due February 10, 2010). *See* Doc. No. 197 at 2. In sum, Kingston moved as quickly as possible to assert this new ground.

## II. SPEX will not be unduly prejudiced by the amendment

SPEX will not be unduly prejudiced by this amendment. Kingston is not shifting its theories or changing its prior art references. In addition, SPEX has adequate time to respond because both fact and expert discovery remain open.

"The Patent Local Rules were designed to prevent the parties from shifting their theories in reaction to adverse substantive rulings, or late in discovery, leaving the opposing party with little time to conduct discovery on a new theory." *Yodlee Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *2–3 (N.D. Cal May 17, 2007) (finding the plaintiff "w[ould] not be substantially prejudiced by the proposed amendment [because the plaintiff] ha[d] not filed any substantive motion that will be impacted or rendered moot by [the defendant's] amendment, and there [wa]s ample time left in which to conduct discovery"). "Courts have found no prejudice where, as here, the proposed amendments d[o] not pose a risk to discovery and motion deadlines or the trial schedule." *Karl Strorz*, 2016 WL 2855260, at *7.

Neither of the concerns identified in *Yodlee* or *Karl Storz* are present here. First, Kingston's amendment is not a "shift" in theory. Kingston has maintained since its earliest contentions that claims 55 and 57 of the '135 patent were invalid. And Kingston here raises no new prior art references—solely SPEX's own admissions. Kingston is not motivated by gamesmanship, but concerned with presenting up-to-date contentions that reflect the narrowing of disputed issues in this case.

Second, fact and expert discovery are still open—almost a month remains. *See Yodlee*, 2007 WL 1454259, at *1 (granting leave to add "significant new prior art" with only approximately two months left in discovery). Moreover, there is no new

prior art to investigate. Kingston merely supplements its prior contentions based on '135 APA and/or the Fortezza Crypto Card with last month's admissions of SPEX's 30(b)(6) corporate representative. As the Ninth Circuit recently held, such 30(b)(6) testimony is at least an evidentiary admission, admissible like any other deposition testimony to prove contested facts, and may further be a legal admission: "A corporation generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1103-04 (2018) (stating, "[an] entity is not allowed to defeat a motion for summary judgment based on an affidavit that conflicts with its Rule 30(b)(6) deposition ... where the purportedly conflicting evidence truly, and without good reason or explanation, is in conflict"); *see also Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (precluding an affidavit that was inconsistent with Rule 30(b)(6) testimony). In short, here, as in *Yodlee*, "the rationale for ... th[e] conservative approach [to the amendment of invalidity contentions] is not threatened in this case." *See Yodlee*, 2007 WL 1454259, at *2 (granting leave to amend invalidity contentions).

Finally, this supplement does not implicate any of the IPR estoppel concerns that SPEX has previously raised in this case. These proposed grounds do not rely on prior art that could have been raised in an IPR, as none of the admissions Kingston seeks to rely on are specific to any prior art—they instead are general admissions of invalidity of certain claim limitations. Further, the contentions being supplemented are based on '135 APA and/or the Fortezza Crypto Card, which is, importantly, a prior art *system*. Prior art systems are not bases upon which IPR petitioners may challenge patents and, accordingly, no IPR estoppel applies. 35 U.S.C. § 311(b) ("A petitioner in an *inter partes* review may request to cancel as unpatentable 1 or more claims of a patent ... *only on the basis of prior art consisting of patents or printed publications*." (emphasis added)); 35 U.S.C. § 315(e)(2) (estoppel applies "on any ground that the

petitioner raised or reasonably could have raised during th[e] inter partes review"); *see, e.g.*, *Zitovault, LLC v. Int'l Bus. Machs. Corp.*, 2018 WL 2971178, at *4 (N.D. Tex. Apr. 4, 2018) (recognizing that prior art systems are not subject to IPR estoppel); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2018 WL 5619743, at *4 (N.D. Cal. Oct. 29, 2018) (allowing amendment to assert a prior art system despite the existence of a related IPR). Thus Kingston is not estopped from supplementing on these grounds.

## CONCLUSION

For the reasons above, Kingston respectfully requests that the Court grant it leave to supplement its invalidity contentions as laid out herein.

|  |  |
|---|---|
| | Respectfully Submitted, |
| Dated: January 17, 2020 | FISH & RICHARDSON P.C. |
| | By: */s/ David M. Hoffman* |
| |     David M. Hoffman (*pro hac vice*) |
| |     hoffman@fr.com |
| |     David Morris (*pro hac vice*) |
| |     dmorris@fr.com |
| |     One Congress Plaza |
| |     111 Congress Ave., Suite 810 |
| |     Austin, TX 78701 |
| |     Tel: (512) 472-5070 |
| |     Fax: (512) 320-8935 |
| | |
| |     Joanna M. Fuller (SBN 266406) |
| |     jfuller@fr.com |
| |     633 W. 5th Street, 26th Floor |
| |     Los Angeles, CA 90071 |
| |     Tel: (213) 533-4240 |
| |     Fax: (858) 678-5099 |
| | |
| |     Oliver J. Richards (SBN 310972) |
| |     orichards@fr.com |
| |     12390 El Camino Real |
| |     San Diego, CA 92130 |
| |     Tel: 858-678-4715 |
| |     Fax: 858-678-5099 |
| | |
| | LAW OFFICE OF S.J. CHRISTINE YANG |
| |     Christine Yang (SBN 102048) |
| |     chrisyang@sjclawpc.com |
| |     Victoria Hao (*pro hac vice*) |
| |     vhao@sjclawpc.com |
| |     17220 Newhope Street, Suite 101 |
| |     Fountain Valley, CA 92708 |
| |     Tel.: (714) 641-4022 |
| |     Fax: (714) 641-2082 |
| | |
| | ***Attorneys for Defendants*** |
| | Kingston Technology Corporation, Kingston Digital, Inc., and Kingston Technology Company, Inc. |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 17, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ David M. Hoffman
David M. Hoffman
hoffman@fr.com

**Attorneys for Defendants**
Kingston Technology Corporation,
Kingston Digital, Inc., and
Kingston Technology Company, Inc.
