UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | March 2, 2020 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Leave to Amend Invalidity Contentions**

Pursuant to Patent Local Rule 3–6, Defendant and Counter-Claimant Kingston Technology Corporation ("Kingston") moved for leave to amend its invalidity contentions. Mot., Dkt. No. 199-1. Plaintiff and Counter-Defendant Spex Technologies, Inc. ("Spex") opposed. Opp'n, Dkt. No. 209. Kingston replied. Reply, Dkt. No. 211.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This is a dispute over patents involving portable USB memory devices. On September 27, 2016, Spex brought a complaint alleging that Kingston has infringed two of its patents, U.S. Patent Nos. 6,088,802 (the "802 patent"), entitled "Peripheral Device With Integrated Security Functionality," and 6,003,135 (the "135 patent"), entitled "Modular Security Device." Complaint, Dkt. No. 1.

On March 14, 2017, Kingston sought *inter partes* review of the '135 patent. Kingston Technology Company, Inc. v. SPEX Technologies, Inc., Case IPR2017-01021 ("Kingston '135 IPR"). The Patent Trial and Appeal Board (PTAB) issued a Final Written Decision upholding the patentability of claims 55 and 57 of the '135 patent. Id., Paper No. 39 at 58-59.

On October 18, 2017, the Court issued its Claim Construction Order. Dkt. No. 122.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-1790 JVS (AGRx)                                      Date   March 2, 2020

Title      **Spex Technologies, Inc. v. Kingston Technology Corporation**

On May 16, 2018, this Court stayed the case in light of the PTAB's decision to institute *inter partes* review proceedings to review Spex's patents. Dkt. No. 157; see Western Digital Corporation v. SPEX Technologies, Inc., IPR2018-00086 (the "Western Digital '135 IPR") (filed October 16, 2017). In its institution decision, the PTAB made a preliminary finding that the Petition established a reasonable likelihood that claims 55 and 57 were invalid over Harari and Anderson. Id., Paper No. 14.

Kingston sought to challenge the '135 patent by joining the Western Digital '135 IPR (Kingston Technology Company, Inc. v. SPEX Technologies, Inc., IPR2018-01002, Paper No. 12 at 2) but the PTAB dismissed its petition as estopped under 35 U.S.C. § 315, in light of the prior Final Written Decision against Kingston in the Kingston '135 IPR and Kingston's knowledge of the Harari, Anderson, and Dumas references at the time of filing its earlier petition. Id. at 8-9

On January 11, 2019, Spex entered into a settlement agreement with the PTAB petitioners (Western Digital, Toshiba, and Apricorn) where Spex would cease pursuing its infringement allegations against them concerning the '135 patent in return for them requesting that the *inter partes* review be terminated. Dkt. No. 172-2, Appendix B.

On April 18, 2019, the PTAB found that claims 38 and 39 of the '802 patent were unpatentable as obvious over two prior art references: U.S. Patent No. 5,887,145 to Harari ("Harari") and a book describing the architecture for PCMCIA in various combination with Don Anderson, PCMCIA System Architecture 16-Bit PC Cards, Second Edition, 1995 ("Anderson"). See Final Written Decision, Paper 40, Western Digital Corp. et al. v. SPEX Technologies, Inc., IPR2018-00082 (the "Western Digital '802 IPR").

At the scheduling conference on August 1, 2019, the Court lifted the stay. Dkt. No. 168.

On August 1, 2019, Kingston filed a motion seeking leave to amend its answer to add an affirmative defense of patent misuse and counterclaims involving alleged antitrust violations. Dkt. No. 172-3, Ex. B. The Court granted the motion on September 24, 2019. Order, Dkt. No. 177. Kingston filed its Amended Answer on September 25, 2019. Dkt. No. 178.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | March 2, 2020 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

On December 19, 2019, Kingston deposed president of Spex, Thomas Hakel, whom Spex designated as a 30(b)(6) witnesses on various topics related to Kingston's counterclaims and affirmative defenses.

On December 23, 2019, the Court granted in part and denied in part Spex's motion to dismiss Kingston's counterclaims and affirmative defenses. Dkt. No. 195.

## II. LEGAL STANDARD

Under Patent Local Rule 3-6, a party may amend its infringement or invalidity contentions "only by order of the Court upon a timely showing of good cause." N.D. Cal. Patent R. 3-6. Rule 3-6 lists several scenarios that may constitute good cause:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Under the good cause inquiry, a court considers (1) "whether [a] plaintiff was diligent in amending its contentions" and (2) whether the non-moving party will suffer prejudice. CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366–68 (Fed. Cir. 2006)). "The party seeking to amend its contentions bears the burden of establishing diligence." Id. at 201 (citing O2 Micro, 467 F.3d at 1366) ("'good cause' requires a showing of diligence"). "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction[.]" Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (citation omitted). Rule 3-6 balances the right to develop new information in discovery with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1790 JVS (AGRx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

need for certainty in legal theories at the beginning of the case.  O2 Micro, 467 F.3d at 1366.

"The Patent Local Rules were designed to prevent the parties from shifting their theories in reaction to adverse substantive rulings . . ., or late in discovery, leaving the opposing party with little time to conduct discovery on a new theory[.]"  Tech Licensing, 2014 WL 5499511, at *3 (internal quotations and citations omitted).  Therefore, "courts have granted a plaintiff's request to amend when the request does not appear to be motived by gamesmanship or when there is still ample time left in discovery."  Dobeck, 2017 WL 8186769, at *2 (citing OpenDNS, Inc. v. Select Notifications Media, LLC, No. C11–05101, 2013 WL 2422623, at *3 (N.D. Cal. June 3, 2013)).

### III. DISCUSSION

Kingston seeks to supplement its invalidity contentions for claims 55 and 57 of the '135 patent.  Mot. at 1; see Declaration of David M. Hoffman ("Hoffman Decl."), Dkt No. 199-3, Ex. A.  On December 19, 2019, Kingston conducted a 30(b)(6) deposition of Thomas Hakel, the corporate representative for SPEX.  See Hoffman Decl., Dkt. No. 199-2, Ex. B (Deposition of Thomas Hakel).  Hakel testified that claims 38 and 39 of the '802 patent are invalid and that these claims map on to all but one common element of claims 55 and 57 of the '135 patent.  Id. 31:3-5, 44:13-45:7.  Kingston argues that statements Hakel made during his deposition "are relevant under Kingston's existing invalidity positions as party admissions further supporting Kingston's expert's conclusions."  Mot. at 3.

Accordingly, Kingston seeks to supplement its invalidity contentions to include these "admissions" (1) in a new chart along with the (previously disclosed and charted) admitted prior art in the '135 patent (the "'135 APA"); (2) in a new chart along with the (previously disclosed and charted) '135 APA and the (previously disclosed and charted) Fortezza Cryptologic Card prior art system ("Fortezza Crypto Card"); and (3) as part of Kingston's existing invalidity contention in regard to pre-AIA 35 U.S.C. § 102(f) (regarding deviation of invention from another).  Id.

### A. Diligence

"[T]he diligence required for a showing of good cause has two phases: (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | March 2, 2020 |
| Title | Spex Technologies, Inc. v. Kingston Technology Corporation | | |

diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." Positive Techs., Inc. v. Sony Elecs., Inc., 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). The critical issue in determining whether Kingston was diligent in discovering the bases for its proposed amendments is whether it "could have discovered [the new information] earlier had it acted with the requisite diligence." Symantec Corp. v. Acronis Corp., 2013 WL 5368053, at *4 (N.D. Cal. Sept. 25, 2013) (alteration in original) (internal quotation marks and citation omitted).

The Court first considers whether Kingston meets its burden of showing diligence in seeking to amend its invalidity contentions before considering any prejudice that could befall Spex from such amendments.

Kingston argues that Hakel's statements in his deposition are a change from the position he took in a previous deposition. Mot at 5. His "new admissions that claims 38 and 39 are invalid . . . narrows the scope of the validity case—leaving only a single element in each of claims 55 and 57 in dispute." Id. at 5. Therefore, Kingston argues it could not have brought this motion earlier. Id. And, Kingston argues that it notified Spex in time for the latter to respond in its expert report. Id. at 6.

Spex notes that Kingston's motion "makes no claim of newly discovered prior art," nor does it "depend upon any prior art." Opp'n at 4. In addition, Spex notes that the PTAB found claims 38 and 39 from the '802 patent unpatentable on April 18, 2019. Id. Spex argues that Kingston could have presented its new "comparative analysis" argument after the PTAB's Final Written Decision, or when Kingston moved to amend its Answer in August. Id. Finally, Spex argues that because Hakel is "a lay fact witness wit no knowledge of the prior art," he "cannot form a new linkage between claims 38 and 39 from the '802 patent and claims 55 and 57 of the '135 patent that was not already available following the IPR proceedings." Id. at 5-6.

The Court agrees with Kingston that the relevant date from which to measure diligence is the date of Hakel's deposition, because it is his admissions that Kingston seeks leave to add . Therefore, the Court finds that Kingston has demonstrated diligence in seeking to amend its invalidity contentions, because it moved within a month after the Hakel deposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.　SACV 16-1790 JVS (AGRx)　　　　　Date　March 2, 2020

Title　　**Spex Technologies, Inc. v. Kingston Technology Corporation**

### B.　Prejudice

First, Spex notes that "Kingston's invalidity contentions are several years old, encompassing all of the relevant prior art at hand," that "claim construction is long over," and that "[d]iscovery as to the issue of invalidity closed before the stay, on April 30, 2018." Opp'n at 6. Second, Spex argues that by seeking to use the PTAB's lower unpatentability standard as to claims 38 and 39 of the '802 patent, Kingston is effectively trying to lower the clear and convincing evidence standard it must meet at trial as to claims 55 and 57 of the '135 patent." Id. at 6-7. Finally, Spex contends that amendment would allow Kingston "to circumvent the estoppel established by the PTAB's Final Written Decision against Kingston on the '135 patent through comparison to the '802 patent supplemented by Mr. Hakel's lay testimony." Id. at 7.

Kingston contends that the proposed amended invalidity contentions do not reflect an attempt to shift its invalidity theories or change its prior art references. Mot at 6.

Spex has not adequately explained how it would be prejudiced by Kingston's amendments. Spex does not identify any additional discovery it would need to address the amended contentions, nor any deadlines that are affected. See, e.g. Karl Storz Endoscopy-America, Inc. v. Stryker Corp, 2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) ("Courts have found no prejudice where, as here, the proposed amendments d[o] not pose a risk to discovery and motion deadlines or the trial schedule."). Spex fails to identify any specific prejudice regarding any of the challenged contentions and its assertion that such prejudice exists is insufficient. The Court concludes that allowing Kingston to amend would not prejudice Spex.

In sum, Kingston has established diligence and good cause for amendment, and Spex has not established that it will be unduly prejudiced. Accordingly, the motion is granted.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-1790 JVS (AGRx)  Date  March 2, 2020

Title  **Spex Technologies, Inc. v. Kingston Technology Corporation**

: 0

Initials of Preparer  lmb