RUSS, AUGUST & KABAT
Marc A. Fenster (SBN 181067)
mfenster@raklaw.com
Benjamin T. Wang (SBN 228712)
bwang@raklaw.com
Andrew D. Weiss (SBN 232974)
aweiss@raklaw.com
Paul A. Kroeger (SBN 229074)
pkroeger@raklaw.com
Jacob R. Buczko (SBN 269408)
jbuczko@raklaw.com
Justin E. Maio (SBN 304428)
jmaio@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
310/826-7474 – Telephone
310/826-6991 – Facsimile

*Attorneys for Plaintiff*
SPEX Technologies, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEX TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKE INC., DATA LOCKER INTERNATIONAL, LLC,<br><br>Defendants. | Case No. 8:16-CV-01790-JVS-AGR<br><br>**DECLARATION OF PAUL A. KROEGER IN SUPPORT OF PLAINTIFF SPEX TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Notice, Memorandum of Points and Authorities, & Separate Statement filed concurrently]**<br><br>**Hearing:**<br>Date: April 6, 2020<br>Time: 1:30 p.m.<br>Courtroom: Santa Ana, 10C<br>Judge: Hon. James V. Selna<br><br>Original Complaint Filed:<br>        September 28, 2016 |

**Declaration of Paul A. Kroeger**

I, Paul A. Kroeger, declare as follows:

1. I am a member of the State Bar of California and am duly licensed to practice law before the courts of the State of California. I am a member of Russ, August & Kabat ("RAK"), counsel of record for Plaintiff SPEX Technologies, Inc. ("SPEX"). I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently thereto.

1. On February 20, 2020, counsel for SPEX and Kingston held a conference of counsel to meet and confer on this motion, pursuant to Local Rule 7-3.

2. Attached hereto as **Exhibit A** is a true and correct copy of Kingston's March 14, 2017 Petition for *Inter Partes* Review ("IPR") of U.S. Patent No. 6,003,135 ("'135 patent") filed with the Patent Trial and Appeal Board ("PTAB").

3. Attached hereto as **Exhibit B** is a true and correct copy of the Final Written Decision in Kingston's IPR proceeding against the '135 patent entered October 1, 2018 by the PTAB ordering "that claims 55-57 of U.S. Patent No. 6,003,135 have not been shown to be unpatentable."

4. Attached hereto as **Exhibit C** is a true and correct copy of Western Digital's October 16, 2017 Petition for IPR of the '135 patent filed with the PTAB.

5. Attached hereto as **Exhibit D** is a true and correct copy of the Order entered November 6, 2018 by the PTAB dismissing Kingston's third Petition for IPR of claims 55-58 of the '135 patent.

6. As SPEX was preparing for trial (before the case was stayed pending the various instituted IPRs), SPEX made the litigation strategy decision to no longer assert the '135 patent against the Western Digital, Toshiba and Apricorn defendants.

7. To simplify matters and save resources, SPEX entered into a settlement agreement dismissing the claims as to the '135 patent from the related litigations, and also dismissing the pending IPR proceeding as to the '135 patent.

8. Attached hereto as **Exhibit E** is a true and correct copy of SPEX's Patent Owner Response filed with the PTAB in IPR2018-00084.

9. Attached hereto as **Exhibit F** is a true and correct copy of the Declaration of Zaydoon Jawadi filed with the PTAB in IPR2018-00084 in support of SPEX's Patent Owner Response.

10. As a result of the dismissal of the Western Digital's IPR against the '135 patent, the arguments and evidence presented in Exhibits E and F were not considered and no Final Written Decision was issued by the PTAB.

11. Attached hereto as **Exhibit G** is a true and correct copy of Western Digital's October 16, 2017 Petition for IPR of U.S. Patent No. 6,088,802 ("'802 patent") filed with the PTAB.

12. Attached hereto as **Exhibit H** is a true and correct copy of Kingston's Motion for Joinder with Western Digital's IPR proceeding against the '802 patent submitted May 2, 2018 with the PTAB.

13. Attached hereto as **Exhibit I** is a true and correct copy of the Institution Decision in Kingston's IPR proceeding against the '802 patent entered October 9, 2018 by the PTAB, which also granted Kingston's motion to join Western Digital's IPR proceeding.

14. Attached hereto as **Exhibit J** is a true and correct copy of the Institution Decision in Western Digital's IPR proceeding against the '802 patent (which Kingston joined) entered April 25, 2018 by the PTAB.

15. As part of its litigation strategy, SPEX chose not to respond to the institution decision of the Western Digital IPR against the '802 patent.

16. Attached hereto as **Exhibit K** is a true and correct copy of the Final Written Decision in Western Digital's IPR proceeding against the '802 patent (which Kingston joined) entered April 18, 2019 by the PTAB finding "that claims 1, 2, 6, 7, 11, 12, and 23–25 have not been persuasively shown to be unpatentable."

17. Attached hereto as **Exhibit L** is a true and correct copy of Kingston's Responses to SPEX's Third Set of Requests for Production to Kingston.

18. Attached hereto as **Exhibit M** is a true and correct copy of Kingston's Responses to SPEX's Fourth Set of Individual Interrogatories to Kingston.

19. On December 9, 2019, January 8, 2020, and March 3, 2020, SPEX produced numerous documents (SPEX00077442 - SPEX00085890, SPEX00085899 - SPEX00085901, and TYLER00000001 - TYLER00000115, respectively), none of which provide evidence for Kingston's allegations of the anti-competitive effects of SPEX's alleged conduct.

20. On December 30, 2019, Kingston produced thirty documents (KT0060501 to KT0060651) comprising communications with counsel for Western Digital regarding the SPEX's settlement agreement with Western Digital during IPR proceedings, drafts of the settlement agreement, and communications regarding Kingston's deposition of counsel for Western Digital, William Rooklidge. None of the documents produced provide evidence for Kingston's allegations of the anti-competitive effects of SPEX's alleged conduct.

21. Attached hereto as **Exhibit N** is a true and correct copy of the January 20, 2020 Expert Report of John Villasenor.

22. The January 20, 2020 Expert Report of John Villasenor in Exhibit L was the only report served by Kingston during the reopened discovery period.

23. Attached hereto as **Exhibit O** is a true and correct copy of the February 21, 2020 Expert Report of Cleve R. Tyler, Ph.D.

24. Kingston did not serve a rebuttal report to the Dr. Tyler's February 21, 2020 Expert Report.

25. Attached hereto as **Exhibit P** is a true and correct copy of the transcript for March 9, 2020 deposition of Dr. John Villasenor.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of March, 2020 at Los Angeles, California.

                                              Paul A. Kroeger