# Exhibit 10

[SEE SIGNATURE BLOCK FOR COUNSEL INFORMATION]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC., <br><br>Plaintiff, <br><br>v. <br><br>KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY COMPANY, INC., IMATION CORPORATION, DATALOCKER INC., DATA LOCKER INTERNATIONAL, LLC, <br><br>Defendants. | Case No. 8:16-CV-01790-JVS-AGR <br><br>**DEFENDANTS KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., AND KINGSTON TECHNOLOGY COMPANY, INC.'S NOTICE OF 30(b)(6) DEPOSITION TO SPEX TECHNOLOGIES, INC.** <br><br>Honorable Judge James V. Selna |

EXHIBIT 1
HAKEL
December 19, 2019
Rebecca Romano, CSR 12546

KINGSTON'S NOTICE OF 30(b)(6)
DEPOSITION TO SPEX
8:16-cv-01790-JVS-AGR

EXHIBIT 10
Page 139

**TOPICS**

1. Your knowledge regarding the validity of claims 55 and 57 of the '135 patent.

2. Your knowledge of prior art, past inventions, and past publications regarding the subject matter of claims 55 and 57 of the '135 patent.

3. Your knowledge of allegations or arguments that claims 55 and 57 of the '135 patent are invalid.

4. Your reasons for entering into the IPR Agreement.

5. Your knowledge of who had any role in the formulation, negotiation, execution, and implementation of the IPR Agreement, and what each person's role was in the matter.

6. Your reasons for not withdrawing Your claims related to the '135 patent against Western Digital after You offered to do so prior to the stay, *see* D.I. 87 at 1 ("SPEX is willing to withdraw its claims against Western Digital on the Method Claims and the '135 Claims and proceed to trial against Western Digital only on the '802 Device Claims").

7. The benefits realized by You from entering into the IPR Agreement.

8. The market for portable secure USB memory products, including the market share and relative pricing of companies who sell products in the market for portable secure USB memory products, and products and methods that compete with secure USB memory products.

9. Your knowledge of Spyrus' pricing, marketing, sales, projections, competitive intelligence and competitors for secure USB memory products.

10. Your knowledge of pricing, marketing, sales, projections, competitive intelligence and competitors for secure USB memory products and products and methods that compete with them.

11. Your decision not to file a Patent Owner Response in IPR2018-00082.

12. Your knowledge of Harari and Anderson.

13. Your understanding as to what is required to practice or teach the step of "operably connecting the security module and/or the target module to the host computing device in response to an instruction from the host computing device," as recited in claims 55 and 57 of the '135 patent.

14. Your knowledge of the PCMCIA specification.

15. Your knowledge of any industry standards or practices regarding the PCMCIA specification and licensing or access to technology for implementation for such specification.

16. Your knowledge concerning the similarity between claim 38 of the '802 patent and claim 55 of the '135 patent.

17. Your knowledge concerning the similarity between claim 39 of the '802 patent and claim 57 of the '135 patent.

18. Your knowledge relating to any valuation of a license to claims 55 and 57 of the '135 patent, including any offers to license or settle litigation related to the '135 patent.

19. Your communications with Spyrus relating to the IPR Agreement and any drafts or negotiations regarding the IPR Agreement.

20. Your communications with the Settling Defendants relating to the IPR Agreement and any drafts or negotiations regarding the IPR Agreement.

21. Your communications with any other person or entity relating to the IPR Agreement and any drafts or negotiations regarding the IPR Agreement.

22. The effect of the IPR Agreement on pricing, production, availability, sales, distribution, and the market for portable secure USB memory products.

23. The effect of the IPR Agreement on pricing, production, availability, sales, distribution and the market for other products and methods that compete with secure USB products.

24. Your offers to license the '135 patent or settle any litigation involving the '135 patent.

25. Any basis You have received or learned from any source that contradicts or disagrees with SPEX's expert Dr. Rhyne that:

(a) Element 55(a) of the '135 patent "is the same as Element 38a of claim 38 of the '802 patent" (Infringement report, at ¶ 178);

(b) Element 55(b) of the '135 patent "is very similar" to element 38b of claim 38 of the '802 patent, and (like element 38b) "describes responding to a requires for information about the modular device (i.e. an encrypting storage device) with information about the target module (i.e. a storage device" (Infringement report, at ¶ 180);

(c) Element 57(a) from the '135 patent "is the same as element 39a of the '802 patent" (Infringement report at ¶ 189);

(d) Element 57b from the '135 patent "is the same limitation as Element 39b of the '802 patent" (Infringement report at ¶ 192);

(e) Element 57c from the '135 patent "is the same limitation as Element 39c of claim 39 of the '802 patent" (Infringement report at ¶ 194).

26. Your understanding of the assertion made by Kingston's expert Dr. Villasenor that Jones (by virtue of disclosing a PCMCIA card) teaches the step of "operably connecting the security module and/or the target module to the host computing device in response to an instruction from the host computing device," as recited in claims 55 and 57 of the '135 patent (*see, e.g.,* Villasenor Invalidity Report at ¶¶ 229–239; ¶ 272, ¶ 280).

27. Your expert Dr. Rhyne's decision not to offer an opinion relating to whether Jones and/or the PCMCIA standard teaches the step of "operably connecting the security module and/or the target module to the host computing device in response to an instruction from the host computing device," as recited in

claims 55 and 57 of the '135 patent (*see, e.g.,* Rhyne Invalidity Report at ¶¶ 361–376).

28. Your contention, if any, that You do not know that Harari and/or Anderson teach the step of "operably connecting the security module and/or the target module to the host computing device in response to an instruction from the host computing device," as recited in claims 55 and 57 of the '135 patent.

29. Your contention, if any, that You do not know that the PCMCIA specification teaches the step of "operably connecting the security module and/or the target module to the host computing device in response to an instruction from the host computing device," as recited in claims 55 and 57 of the '135 patent.

| | | |
|---|---|---|
| 1 | Dated: October 16, 2019 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: /s/ David M. Hoffman |
| | | David M. Hoffman (*pro hac vice*) |
| 4 | | hoffman@fr.com |
| | | David Morris (*pro hac vice*) |
| 5 | | dmorris@fr.com |
| 6 | | 111 Congress Ave., Suite 810 |
| | | Austin, TX 78701 |
| 7 | | Tel: (512) 472-5070 |
| 8 | | Fax: (512) 320-8935 |
| 9 | | Joanna M. Fuller (SBN 266406) |
| | | jfuller@fr.com |
| 10 | | 633 W. 5th Street, 26th Floor |
| 11 | | Los Angeles, CA 90071 |
| | | Tel: (213) 533-4240 |
| 12 | | Fax: (858) 678-5099 |
| 13 | | Oliver J. Richards (SBN 310972) |
| 14 | | orichards@fr.com |
| | | 12390 El Camino Real |
| 15 | | San Diego, CA 92130 |
| 16 | | Tel: 858-678-4715 |
| | | Fax: 858-678-5099 |
| 17 | | |
| 18 | | LAW OFFICE OF S.J. CHRISTINE YANG |
| 19 | | Christine Yang (SBN 102048) |
| | | chrisyang@sjclawpc.com |
| 20 | | Victoria Hao (*pro hac vice*) |
| 21 | | vhao@sjclawpc.com |
| | | 17220 Newhope Street, Suite 101-102 |
| 22 | | Fountain Valley, CA 92708 |
| 23 | | Tel.: (714) 641-4022 |
| | | Fax: (714) 641-2082 |
| 24 | | |
| 25 | | ***Attorneys for Defendants*** |
| | | Kingston Technology Corporation, |
| 26 | | Kingston Digital, Inc., and Kingston |
| 27 | | Technology Company, Inc. |
| 28 | | |

10     KINGSTON'S NOTICE OF 30(b)(6) DEPOSITION TO SPEX
8:16-cv-01790-JVS-AGR

EXHIBIT 10
Page 144

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **DEFENDANTS KINGSTON TECHNOLOGY CORPORATION, KINGSTON DIGITAL, INC., AND KINGSTON TECHNOLOGY COMPANY, INC.'S NOTICE OF 30(b)(6) DEPOSITION TO SPEX TECHNOLOGIES, INC.** was served on October 16, 2019 via electronic mail to all counsel of record.

/s/ David M. Hoffman
David M. Hoffman
hoffman@fr.com

***Attorneys for Defendants***
Kingston Technology Corporation,
Kingston Digital, Inc., and
Kingston Technology Company, Inc.