UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | May 5, 2020 |
| Title | SPEX Technologies Inc v. Kingston Technology Corporation et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:    [IN CHAMBERS] Order Regarding Motion to Strike**

Defendants Kingston Technology Corporation, Kingston Digital, Inc., and Kingston Technology Company, Inc. (collectively, "Kingston") moved to strike Plaintiff SPEX Technologies, Inc.'s ("SPEX") late-filed Answer to Kingston's Counterclaims. Mot., Dkt. No. 305. SPEX opposed. Opp'n, Dkt. No. 309.[1]

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

The background of this action is familiar to the parties and to the Court.

On September 25, 2019, Kingston filed an amended answer adding an affirmative defense (patent misuse) and counterclaims (Sherman Act, Cartwright Act, patent misuse, and California Business & Professions Code). See Dkt. No. 178. On December 23, 2019, the Court granted in part and denied in part SPEX's motion to dismiss the affirmative defense and counterclaims. Dkt. No. 195. SPEX was therefore obligated to answer Kingston's Counterclaims by January 6, 2020.

SPEX moved for summary judgment on the patent misuse and related § 17200 violation on March 13, 2020. See Dkt. No. 231. Defendants argued in opposition to the motion, on March 23, that SPEX's failure to answer the affirmative defense and counterclaims deemed Kingston's allegations admitted. See Dkt. No. 266.

---

[1] Kingston did not file a reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1790 JVS (AGRx) | Date | May 5, 2020 |
| Title | SPEX Technologies Inc v. Kingston Technology Corporation et al | | |

SPEX filed its Answer to Kingston's Counterclaims on March 27, 2020. See Dkt. No. 270.

## II. LEGAL STANDARD

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

If the court denies a pre-answer motion, the time to serve a responsive pleading is within 14 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). "Federal courts have 'inherent power' to impose sanctions—say, striking an untimely answer—for violations of Rule 12(a)." See State Compensation Ins. Fund v. Capen, 2016 WL 9083270, at *2 (C.D. Cal. Dec. 16, 2016).

## III. DISCUSSION

Kingston argues that SPEX's filing of its Answer to its § 17200 counterclaim and patent misuse defense after it brought a summary judgment motion on this counterclaim and defense is unfair because it allows SPEX to "introduce new factual assertions and positions into the case long after the close of discovery and even after Kingston could address them through its summary judgment opposition." Mot. at 2-3. Kingston suggests this timing was prejudicial and placed Kingston in the "position of litigating issues on the merits without the basic procedural right to an Answer on its averments." Id. at 3.

SPEX explains that it "inadvertently" did not file its Answer in a timely fashion because it was preparing for the January 13, 2020 pre-trial conference in the related SPEX v. Apricorn matter at the time. See Declaration of Paul Kroeger, Dkt. No. 309-1 ¶ 2. SPEX points out that its Answer was not due until after fact discovery was over and that Kingston exchanged discovery regarding the patent misuse claims and took depositions that touched on the issue. Opp'n at 3-4, 7. Kingston also served an expert report that addressed its patent misuse claims. See Dkt. No. 224-5 (January 20, 2020 Expert Report of John Villasenor).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-1790 JVS (AGRx)                           Date  May 5, 2020

Title  **SPEX Technologies Inc v. Kingston Technology Corporation et al**

The Court is not convinced that the timing of SPEX's Answer caused Kingston to suffer prejudice. Kingston does not identify anything it would have done differently and its conduct demonstrates that it knew that SPEX denied the patent misuse claims. Additionally, it appears that SPEX's failure to timely file an answer to Kingston's counterclaims resulted from, at most, inadvertence, rather than any bad faith motive. See Cabral v. Supple, LLC, No. ED 12-00085-MWF (OPx), 2013 WL 12171760, at *1 (C.D. Cal. Feb. 12, 2013) (denying motion to strike untimely answer).

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter and **vacates** the May 11, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

                                                                                              :      0

Initials of Preparer      lmb